351 So.2d 1169 (1977)
STATE of Louisiana
v.
James Barney HENSON.
No. 59694.
Supreme Court of Louisiana.
November 14, 1977.
*1170 Charles R. Moore, Moore & Walters, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Bernard E. Boudreaux, Jr., Edward M. Leonard, Jr., Walter J. Senette, Jr., Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
James Barney Henson was charged by bill of information with the crime of simple burglary in violation of La.R.S. 14:62. After trial by jury, he was found guilty as charged and was sentenced to serve six years at hard labor. Defendant designated six errors to be urged on appeal in his assignment of errors filed with the trial court. Since he has neither briefed nor argued Assignment of Error No. 4, we consider it to have been abandoned.[1] Accordingly, only Assignments of Error Nos. 1, 2, 3, 5 and 6 remain for our consideration in this appeal. We find it more appropriate to review Assignments of Error Nos. 5 and 6 prior to our consideration of Assignments of Error Nos. 1, 2 and 3.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the trial judge erred in denying his motion for a mistrial based upon the reference of a state witness in his testimony on cross-examination to another crime allegedly committed by defendant.
At trial, the state called to the stand Larry Freeman whose camp was allegedly burglarized by defendant and another individual named L. J. Doiron. On cross-examination, *1171 Freeman related how he and a friend, Warren P. Hebert, confronted defendant and Doiron as they were leaving the camp. After a brief verbal encounter, defendant and his companion got into a boat and left the campsite. Freeman testified that he and Hebert then followed the men by boat. He related that during the pursuit, the third boat in which he saw defendant and Doiron riding was a black boat. The following colloquy then occurred:
Q. You said they had three different boats?
A. They had a boat in the river that night, another wooden boata jo-boat with a fifty horsepower on it, which was at Johnny Prejean's camp which was broken into the same night, which Johnny came to the camp and run them out.
Immediately, defense counsel moved for a mistrial on the ground that the witness' statement was prejudicial and unresponsive to the question. The trial judge denied the motion, but directed the witness to be more responsive to defense questioning. At defendant's request, the trial judge admonished the jury to disregard the unresponsive portion of the witness' statement.
A direct or indirect reference to another crime committed or alleged to have been committed by defendant, as to which evidence would not be admissible, made within the hearing of the jury by the judge, district attorney or a court official, during trial or in argument, would require a mistrial on motion of defendant. La.Code Crim.P. art. 770(2). However, Larry Freeman was not a "court official," and therefore article 770 does not apply. Rather, the applicable provision is La.Code Crim.P. art. 771. State v. Hutto, 349 So.2d 318 (La. 1977); State v. Hardy, 344 So.2d 1018 (La. 1977); State v. Jones, 332 So.2d 466 (La. 1976); State v. Lepkowski, 316 So.2d 727 (La.1975); State v. Clark, 288 So.2d 612 (La.1974).
La.Code Crim.P. art. 771 provides in pertinent part:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
In the instant case, the response was not elicited by the state but was given on cross-examination by defense counsel. There is no indication that the statement was deliberately uttered by the witness to prejudice defendant. We are satisfied that the admonition by the trial judge to the jury was sufficient to dispel any prejudice which might have been created and to assure defendant a fair trial. Hence, the trial judge did not err in denying defendant's motion for a mistrial.
Assignment of Error No. 5 lacks substance.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the trial judge erred in denying his motion for a mistrial which was based on a statement made by the prosecutor in his closing argument that a defense witness, L. J. Doiron, had also been charged in this particular matter. After the allegedly improper statement was made, defendant objected to the remark on the ground that it constituted improper impeachment of the witness since no evidence had been presented at trial that Doiron had also been charged with the crime. Defendant's objection was sustained. Thereupon, defense counsel *1172 moved for a mistrial on the basis of the statement. The trial judge denied the motion but admonished the jury to disregard the remark of the prosecutor.
Both Freeman and Hebert testified at trial that Doiron was with defendant at Freeman's camp on the day of the alleged burglary and was carrying a scabbard knife which belonged to Freeman when he and defendant were confronted as they exited the camp. Doiron testified at trial on behalf of defendant and admitted that he was with defendant on the day of the alleged burglary; however, he denied that they had burglarized Freeman's camp. On cross-examination, the state questioned Doiron as to his prior convictions in an attempt to impeach him in accordance with La.R.S. 15:495. The state could have questioned the witness as to his arrest or indictment for the same offense for which defendant was being tried to show his bias or interest in the case pursuant to La.R.S. 15:492.[2]State v. Robinson, 337 So.2d 1168 (La.1976); State v. Lewis, 236 La. 473, 108 So.2d 93 (1959). However, the state did not do so. Therefore, it was improper for the prosecutor to have referred to this fact in his closing argument. Nevertheless, we do not find that defendant suffered such prejudice from the prosecutor's remark as to warrant the granting of a mistrial. The prosecutor's remark did not refer to defendant but rather was limited to an attack on the credibility of the witness. Moreover, the prompt admonition of the jury by the trial judge to disregard the prosecutor's remark was sufficient to cure any prejudice against defendant which the remark might have created and to assure him a fair trial. La. Code Crim.P. art. 771. Hence, the trial judge did not err in denying defendant's motion for a mistrial.
Assignment of Error No. 6 is without merit.

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
In Assignment of Error No. 2, defendant contends the trial judge erred in denying his motion to appoint a sanity commission which motion was filed after conviction but prior to sentencing. Finding merit in this contention, we do not reach the merits of Assignments of Error Nos. 1 and 3 (denial of defendant's motion for new trial and in arrest of judgment)[3] for reasons hereinafter set forth.
Prior to argument at the hearing on defendant's motions for a new trial and in arrest of judgment, defense counsel filed a motion to appoint a sanity commission. In support of the motion, he presented an affidavit of Dr. Curtis A. Steele, a psychiatrist who examined defendant on three occasions after his conviction and who expressed the opinion that defendant was not presently able to understand the proceedings against him or to assist counsel in his defense, and an order signed by another district judge a week prior to the present hearing ordering the appointment of a sanity commission to examine defendant with reference to his mental capacity to proceed with respect to other criminal charges pending against him. The trial judge denied the motion concluding that there was no reasonable ground to doubt defendant's mental capacity to proceed based on his observation of defendant at trial and particularly during his testimony. However, it should be noted that the *1173 trial judge's observation of defendant at trial was made approximately two months prior to the filing of defendant's motion to appoint a sanity commission.
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La. Code Crim.P. art. 641. Pursuant to La.Code Crim.P. art. 642:
The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed. (Emphasis added.)
The issue of present insanity or mental incapacity to proceed may be raised at any stage of the proceedings, even after conviction. State v. Luquette, 275 So.2d 396 (La. 1973); State v. Gunter, 208 La. 694, 23 So.2d 305 (1945); State v. Allen, 204 La. 513, 15 So.2d 870 (1943). When the issue is raised, the trial court is required to order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed. La. Code Crim.P. art. 643;[4]State v. Keys, 346 So.2d 169 (La.1977); State v. Nix, 327 So.2d 301 (La.1975); State v. Luquette, supra. The appointment of a sanity commission to inquire into the mental condition of the accused is addressed to the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Nix, supra.
In the instant case, the affidavit of Dr. Steele which stated that defendant lacked the mental capacity to proceed was coupled with an order of another district judge ordering the appointment of a sanity commission to examine defendant's mental capacity to proceed on other pending criminal charges. This order had been signed only a week before the denial of defendant's motion for the appointment of a sanity commission in the present case. The affidavit of the psychiatrist and the court order clearly established reasonable ground to doubt defendant's mental capacity to proceed and, hence, the trial judge abused his discretion in denying defendant's motion. Accordingly, we must remand the case to the trial court for the appointment of a sanity commission to examine defendant with reference to his mental capacity to proceed.
Since we conclude that defendant was entitled to the appointment of a sanity commission, any further steps in the prosecution taken after the issue of defendant's mental capacity to proceed was raised by the filing of his motion must be vacated and set aside. La.Code Crim.P. art. 642. These steps include the hearing on defendant's motions for a new trial and in arrest of judgment, the denial of these motions, and the sentencing of defendant on the instant charge. Should the trial court determine in a contradictory hearing conducted after the examination of defendant by the sanity commission as required by La. Code Crim.P. art. 647 that defendant has the mental capacity to proceed, the criminal prosecution shall be resumed and the court may proceed to hear and consider the merits of defendant's motions for a new trial and in arrest of judgment and to sentence him in the event that the motions are denied. La.Code Crim.P. art. 648. Defendant is reserved the right to appeal any adverse ruling of the trial court on the issue of his mental capacity to proceed and/or his motions for a new trial and in arrest of judgment as well as any reviewable error in his sentence.

DECREE
For the reasons assigned, the ruling of the trial judge denying defendant's application *1174 for the appointment of a sanity commission is reversed and his rulings on the motions for a new trial and in arrest of judgment and the sentence imposed on defendant are vacated and set aside; the case is remanded to the district court with instructions to the trial judge to appoint a sanity commission to examine defendant with reference to his mental capacity to proceed and thereafter to proceed in accordance with the views herein expressed.
NOTES
[1] State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[2] La.R.S. 15:492 provides:

When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
[3] In Assignment of Error No. 1, defendant contends that the trial judge erred in denying his motion for a new trial based on newly discovered evidence which purportedly would tend to prove that he was insane at the time of the commission of the offense. In Assignment of Error No. 3, he contends that the trial judge erred in denying his motion in arrest of judgment in which he alleged that the bill of information was substantially defective in that it did not comply with La.Code Crim.P. art. 465 and improperly charged him with the simple burglary of a building while the evidence revealed that the structure burglarized was a houseboat or floating camp.
[4] La.Code Crim.P. art. 643 provides in pertinent part:

The court shall order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed. (Emphasis added.)