370 So.2d 886 (1979)
STATE of Louisiana
v.
Roland KNOX.
No. 63134.
Supreme Court of Louisiana.
April 19, 1979.
*887 Alton T. Moran, Director, Allen J. Bergeron, Appellate Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph Roy, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
Defendant, Roland Knox, was charged by bill of information with armed robbery, in violation of La.R.S. 14:64. Defendant, after waiving his right to a jury trial, was tried by judge and found guilty of the charged crime. Subsequently, he was billed and found guilty of being a second felony offender in accordance with La.R.S. 15:529.1, and sentenced to serve thirty-five years at hard labor without parole, probation or suspension of sentence.
Defendant specified sixteen assignments of error before the trial court. Four of the assignments are not considered because they were neither briefed nor argued. The remaining assignments present no error which warrants a reversal of defendant's conviction and sentence at this time. However, one of the assignments points to an error which requires a remand to the trial court for a hearing on defendant's mental capacity to proceed at the time of his trial.
Defendant contends, in assignment of error number three, that the trial court committed error in granting the state's motion to recall a sanity commission appointed to examine defendant.
The record establishes that the trial court, pursuant to a defense motion, appointed a sanity commission to examine defendant on April 7, 1978, and set May 22, 1978 as the date for a hearing to determine if defendant was competent to stand trial. Before the date scheduled for the hearing, the case was called for trial on April 12, 1978, whereupon defense counsel noted that the sanity hearing was still pending. Over a defense objection, it was arranged for Dr. Hypolite Landry, the East Baton Rouge Parish Coroner and one of the members of the sanity commission, to promptly examine defendant. The court scheduled the sanity hearing for the next day, April 13, 1978. On that date, the trial judge found defendant competent to stand trial solely on the strength of the written report of Dr. Landry. The state moved orally for an order recalling the appointment of the sanity commission, which was granted by the trial court over a defense objection. No evidence or oral argument was presented on the issue. The case was tried the next day, April 14, 1978.
The actions of the trial judge were in clear contravention to the Code of Criminal Procedure. By recalling his prior order appointing a sanity commission and considering the issue on the strength of a single doctor's written report, the trial judge acted contrary to La.C.Cr.P. Art. 647, which requires that the issue of mental capacity to proceed be determined by a contradictory hearing. The trial judge, apparently having some doubt regarding the defendant's sanity as he ordered the appointment of the sanity commission, was not free to summarily *888 dismiss the matter on the strength of a single doctor's report. As this Court recently noted in State v. Clark, 367 So.2d 311, 313 (La.1979):
The trial court clearly may not substitute the examination and report of a single physician for that of a duly appointed sanity commission. Nor may the trial court conduct further proceedings against the defendant after his mental capacity to proceed is raised, until the defendant is found by lawful procedures to have the capacity to proceed. When a mental examination as to the defendant's present capacity to proceed is ordered, the question must be determined by the court in a contradictory hearing. La.C. Cr.P. art. 647. At the very least, the defendant is entitled to introduce the report of a duly constituted sanity commission into evidence at the hearing. La.C. Cr.P. art. 647. It necessarily follows, therefore, that the court may not, after ordering a mental examination, determine the question of mental capacity to proceed or take further steps in the criminal proceedings without appointing a duly constituted sanity commission to examine and report upon the mental condition of the defendant.
The trial court clearly committed error in this case. However, it is unnecessary to set aside the court's verdict at this time because we find no other error and the issue as to capacity may be clarified on remand. See State v. Weber, 364 So.2d 952, 957-58 (La.1978); State v. Bennett, 345 So.2d 1129, 1138-39 (La.1977). We therefore remand the case to the trial court for reappointment of a sanity commission and for a contradictory hearing on the defendant's capacity at the time of his trial, reserving to the trial judge the right to set aside the conviction and sentence should he find that the defendant lacked the mental capacity to proceed. If, on the other hand, the trial judge determines that the defendant was competent to stand trial, the right to appeal from the ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.
For the reasons assigned, the case is remanded to the district court for further proceedings in accordance with law and the views herein expressed.
MARCUS, J., does not participate.