406 So.2d 128 (1981)
STATE of Louisiana
v.
Gremel HARRIS.
No. 80-KA-2720.
Supreme Court of Louisiana.
June 22, 1981.
On Rehearing November 16, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Jeffery Hollingsworth, Kay Kirkpa trick, Asst. Dist. Attys., Baton Rouge, for plaintiff-appellee.
Richard V. Burnes, Alexandria, for defendant-appellant.
LOTTINGER, Justice Ad Hoc.[*]
Defendant Gremel Harris was arrested in February 1979 and eventually charged by a bill of indictment with four counts of armed robbery, in violation of La.R.S. 14:64. During the interim between arrest and indictment, the defendant's retained counsel filed a motion requesting appointment of a sanity commission to examine the accused. A district court judge granted counsel's request, appointing a two-member sanity commission and scheduling a contradictory hearing with the state for April 16, 1979. This hearing was later continued without date when, on April 16, the sanity commission members reported that they had not yet had an opportunity to examine the accused.
On May 25, 1979, defendant, now represented by another retained attorney, filed a motion for reduction of bond, which was granted. Defendant apparently gained his release shortly thereafter, only to be arrested on October 9 for unauthorized use of a movable, on October 26 for additional armed robberies, and again on October 30 for simple escape. Before any further action was taken on these charges, the trial court granted the then attorney's request to withdraw as counsel of record[1] and appointed *129 the East Baton Rouge Parish Public Defender's Office to handle the accused's defense. That office entered into plea bargain negotiations with the prosecution, which culminated in the acceptance of the accused's pleas of guilty to four counts of armed robbery in exchange for dismissal of the other pending charges.
Prior to sentencing both the public defender and defendant's newly retained counsel renewed the earlier request for appointment of a sanity commission. These requests were denied, as was the defendant's motion to withdraw his guilty pleas. On August 4, 1980, the Honorable Doug Moreau sentenced the defendant to serve 50 years' imprisonment on each count, said sentences to run consecutively with each other. On appeal, defendant urges ten assignments of error as grounds for reversal of his conviction and sentence. Three of the assignments of error have been abandoned, either expressly or by not arguing same.

ASSIGNMENTS OF ERROR NOS. 1, 2, 3 AND 7
By these assignments, the defense contends that the trial court erred in allowing the defendant to enter guilty pleas without first resolving the issue of capacity to proceed. Defendant further argues that the trial court erred in denying his second motion for appointment of a sanity commission.
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La.C.Cr.P. art. 641. The issue of present sanity or mental incapacity to proceed may be raised at any stage of the proceedings, La.C.Cr.P. art. 642, even after conviction. State v. Henson, 351 So.2d 1169 (La.1977); State v. Gunter, 208 La. 694, 23 So.2d 305 (1945). When the issue is raised, "there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed." La.C.Cr.P. art. 642. Once the issue is raised, if the trial judge has reasonable ground to doubt the defendant's mental capacity to proceed, he shall order a mental examination. La.C.Cr.P. art. 643.
ORIGINAL SANITY COMMISSION REQUEST. In the instant case, the trial court found reasonable doubt as to the accused's capacity to proceed and, accordingly ordered the appointment of a sanity commission to inquire into the mental condition of the accused. However, as a result of the confusion engendered by shifts in the District Court's personnel and defendant's repeated changes of counsel, this commission never reported its findings to the trial court. Yet, despite the absence of any hearing on this competency issue, the defendant was permitted to enter a plea of guilty as to each of the four armed robbery counts lodged against him. The defendant's pleas were entered on February 20, 1980, nearly one full year after the original request for appointment of a sanity commission.
This procedure violated both the accused's right to a contradictory hearing under La.C.Cr.P. art. 647 and the express mandate of La.C.Cr.P. art. 642 that "no further steps in the criminal prosecution" shall be taken until the defendant is found to have the mental capacity to proceed. As noted in State v. Bennett, 345 So.2d 1129, 1139 (La.1977), defendant "has a right to demand that the [court-ordered sanity] hearing be thorough and cannot be held responsible for the commission's failure to complete its task." This finding is a function of the due process requirement that a defendant be competent to stand trial. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). It cannot be argued that the subsequent guilty pleas amounted to an implied withdrawal of the earlier request for mental examination because it is contradictory to say that where there is reasonable *130 ground to doubt the defendant's mental capacity to proceed, he could intelligently waive his right to have his capacity to stand trial determined. Pate v. Robinson, supra. For this reason, the trial court's action constituted reversible error.
SECOND REQUESTED SANITY HEARING. Defendant further argues that the trial court abused its discretion in denying his second request for appointment of a sanity commission, filed shortly prior to sentencing. In support of this request, counsel presented an affidavit in which defendant's mother, Marilyn Harris, described defendant's recurring mental problems and traced their origin to a gun shot wound which he received at the age of 15. More specifically, Ms. Harris stated that she had recently been advised by Parish Coroner Hypolite Landry (one of the original appointees for defendant's sanity commission) that her son had attempted to commit suicide while in jail. According to Ms. Harris, Dr. Landry suggested that she request a sanity commission hearing for her son.
Factually, this setting is closely analogous to that presented in State v. Henson, supra. In Henson, defense counsel bolstered his motion for appointment of a sanity commission by presenting a psychiatrist's affidavit expressing the opinion that defendant was not presently able to understand the proceedings against him. Additionally, the defense introduced a week-old order signed by another district judge appointing a sanity commission to examine defendant with reference to his mental capacity to proceed with respect to other charges pending against him. Finding this evidence to present clear cause for doubt as to defendant's mental capacity to proceed, this court ruled that the lower court had abused its discretion in failing to order a mental examination.
In the present case, defendant's alleged attempted suicide suggested a serious deterioration of his mental condition since the time of his guilty plea hearing. Coupled with the earlier, and as yet unfilled, order for examination of the accused's mental condition, as well as Dr. Landry's apparent conclusion that such examination was to be recommended, this evidence appeared sufficient under Henson to arouse reasonable doubts as to defendant's continued capacity to proceed. It was therefore error for the trial judge to deny this second requested sanity commission.
Though we find that the trial court clearly committed error in proceeding in this case once the initial sanity commission was appointed without resolving the issue of sanity, and in failing to appoint a sanity commission at the second request, we find it unnecessary to set aside the guilty pleas and the sentence inasmuch as the issue of capacity may be clarified on remand. State v. Knox, 370 So.2d 886 (La.1979); State v. Bennett, 345 So.2d 1129 (La.1977); State v. Simmons, 328 So.2d 149 (La.1976). We will therefore remand the case to the trial court for a reappointment of the original sanity commission which shall consider both requests for a determination of capacity, and for a contradictory hearing on the defendant's capacity at the time of his plea, reserving to the trial judge the right to set aside the guilty plea and sentence should he find that the defendant lacked the mental capacity to proceed. If, on the other hand, the trial judge determines that the defendant was competent to plead guilty, the right to appeal from the ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence will be affirmed.

ASSIGNMENT OF ERROR NO. 4
By this assignment, defendant contends that the trial court erred in accepting his guilty pleas when no factual basis was established for the pleas.
This contention lacks substance. The trial court carefully examined defendant as to the details of each count before asking the prosecution to confirm the defendant's version. In instances where the prosecutor stated additional facts not mentioned by the defendant, the trial court asked the accused to confirm the state's allegations before proceeding further. It is sufficient for purposes of this assignment to note that defendant's admissions provided an adequate *131 basis for his pleas. On those few occasions in which the defendant was unable to recall the names of his cohorts or the type of weapon used, the accused's confusion appeared more readily attributable to the large number of armed robberies in which he had participated rather than a genuine inability to recall the incident in question.

ASSIGNMENTS OF ERROR NOS. 9 AND 10
By these assignments, defendant contends that the lower court's imposition of consecutive prison sentences totaling 200 years was both unrealistic and excessive, in violation of Article 1, Section 20 of the Louisiana Constitution (1974).
In connection with his convictions for four counts of armed robbery, the defendant was sentenced to serve 50 years at hard labor on each count, said sentences to run consecutively. These sentences fall within the statutory range provided for the offense of armed robbery. La.R.S. 14:64.[2]
This court has frequently noted that offenders without prior felony records ordinarily should receive concurrent rather than consecutive sentences, especially where the convictions arise out of the same course of conduct within a relatively short period. La.C.Cr.P. art. 883; State v. Cain, 382 So.2d 936 (La.1980); State v. Ortego, 382 So.2d 921 (La.1980). However, consecutive sentences may be justified when, due to his past conduct or repeated criminality over an extended period, the offender poses an unusual risk to the safety of the public, similar to that posed by habitual or dangerous offenders. State v. Watson, 372 So.2d 1205 (La.1979); State v. Cox, 369 So.2d 118 (La.1979).
In the case at bar the trial judge considered the defendant's past criminality as a juvenile. From November of 1972 to February of 1976 the defendant committed the crimes of negligent injury, burglary, theft, receiving stolen things, unauthorized use of an immovable, criminal damage to property, and simple robbery. One month after his release from the Louisiana Training Institute, where he was confined until his seventeenth birthday, the defendant resumed his criminal pattern, begun as an adult by adding the convictions of possession of marijuana, contempt of court, simple battery, theft, DWI, resisting arrest, and possession of gambling paraphernalia. The present four counts of armed robbery occurred over a three week period between January 13, 1979 and February 6, 1979. Of the four counts of armed robbery, two were committed at different convenience stores, one at an automobile dealership, and another at a self-service gas station. In two of the robberies a shotgun was involved, and in the others a pistol was involved. Even during the pendency of his trial on the instant charges, the defendant was responsible for additional offenses including armed robberies. The defendant's offenses did not arise out of a single course of conduct.
The trial judge was cognizant of the factors to be considered in imposing sentence as required by La.C.Cr.P. art. 894.1. The trial judge searched the record for some evidence of mitigation. Noting the absence of any mitigating factors and the serious harm threatened by defendant's actions, the court, before sentencing, offered to listen to any mitigating factors which the defendant cared to relate. The defendant had no response. Though this sentence amounts to 200 years, the severity of the defendant's criminal record convinces this court that the trial judge was well within his discretion in imposing the sentence which he did.
For the reasons assigned, the case is remanded to the district court for further proceedings in accordance with law and the views herein expressed.
REMANDED.
MARCUS, J., dissents and assigns reasons.
*132 MARCUS, Justice (dissenting).
Although defendant was allowed to plead guilty without formally withdrawing his request for a sanity commission to determine his capacity to proceed, the record indicates that defendant's plea of guilty was knowingly and intelligently made by him in the presence of counsel after full compliance with Boykin. In my view, his plea of guilty amounted to an implied withdrawal of his request for a sanity commission to determine his capacity to proceed. However, I consider that the trial judge erred in denying defendant's second request for appointment of a sanity commission filed shortly prior to sentencing. Defendant's alleged attempted suicide along with Dr. Landry's suggestion that defendant be given a sanity commission hearing gave the court reasonable ground to doubt defendant's mental capacity to proceed. Hence, under State v. Henson, 351 So.2d 1169 (La.1977), any steps in the prosecution taken after this request for a sanity commission must be vacated and set aside. Accordingly, I would vacate defendant's sentence and remand the case to the district court with instructions to the trial judge to appoint a sanity commission and to defer sentencing until it is determined that defendant has the capacity to proceed. I respectfully dissent.

On Rehearing
CALOGERO, Justice.
On original hearing in this case, we held that the trial judge committed reversible error when, after appointing a sanity commission to inquire into defendant's mental capacity to proceed, he accepted defendant's guilty pleas to four armed robberies without having received a report from the commission, without having conducted a hearing and without having determined that defendant was capable of proceeding.[1]
We also determined that the trial judge erred in denying defendant's motion for a second sanity commission immediately prior to sentencing, where the showing by affidavit of defendant's mother was that her son had previously attempted suicide several times and that she had been informed by the East Baton Rouge Parish Coroner that defendant had again attempted suicide while in jail awaiting sentencing. The mother further stated that the coroner had told her that he could do nothing to assist defendant unless a sanity commission was appointed. In making this latter determination, we relied on State v. Henson, 351 So.2d 1169 (La.1977), a case very much on point.
Nevertheless, we desisted from reversing defendant's convictions or upsetting his sentence and opted, rather, to remand to the trial court for reappointment of the original sanity commission. The commission was to consider defendant's capacity to proceed at the time of the guilty pleas and at the time defendant was sentenced; and the court was thereafter to conduct an evidentiary hearing. We specifically reserved to the trial judge "the right to set aside the guilty plea and sentence should he find that defendant lacked the mental capacity to proceed."
We granted this rehearing to reconsider our action in remanding the case for the aforestated purposes.
Upon reconsideration, we confirm our earlier ruling that the procedure employed below violated both the accused's right to a contradictory hearing under La.C.Cr.P. art. 647 and the express mandate of La.C.Cr.P. art. 642 that no further steps in the criminal prosecution be taken until the defendant is found to have the mental capacity to proceed. However, for reasons we express hereinafter we now vacate all proceedings which took place after the appointment of the sanity commission on March 13, 1979.
The law is clear regarding the procedure to be followed once the defendant raises the issue of lack of mental capacity to proceed. La.C.Cr.P. art. 642 directs that when the question of the defendant's mental capacity to proceed is raised there shall be no further steps in the criminal prosecution *133 except the institution of prosecution until the defendant is found to have the mental capacity to proceed. The trial judge appointed a sanity commission and ordered a mental examination of defendant, thus indicating that there was "reasonable ground to doubt the defendant's mental capacity to proceed." La.C.Cr.P. art. 643. The court set April 16, 1979, as the date for the sanity commission to report and the hearing on defendant's capacity to proceed to be held. The court minutes reflect that the hearing was not held that day because the sanity commission reported that it had not yet examined defendant. The court did not set a new date for a hearing or a report. The trial judge was not at liberty to conduct further proceedings against the defendant after this issue of mental capacity to proceed was raised until defendant was found, by lawful procedures, to have the capacity to proceed. La.C.Cr.P. art. 642; State v. Clark, 367 So.2d 311 (La.1979).
The pertinent inquiry in this rehearing, as indicated above, is whether we should have remanded the case for a belated determination of the defendant's capacity at the time he entered the guilty pleas. In remanding in our original opinion, we relied upon State v. Knox, 370 So.2d 886 (La. 1979); State v. Bennett, 345 So.2d 1129 (La.1977) and State v. Simmons, 328 So.2d 149 (La.1976).
While Simmons, supra, is authority for remanding for a post-trial validation of a ruling made by the trial judge before or during trial, it is not directly apposite to the matter at hand.[2]
Bennett, supra, is distinguishable from the case before us, although it did concern the question of a defendant's capacity to proceed. In Bennett, the trial judge had appointed a sanity commission which reported its findings to the judge; the judge had held a hearing on the issue and the judge had made the determination that the defendant possessed the capacity to proceed. The trial judge, however, had relied upon the conclusions of the examining physicians that the defendant was able to assist counsel rather than making an independent determination on this issue. As we said: "Only the court, not the doctor, is qualified to make this decision." 345 So.2d at 1138.
Furthermore, our determination to have conducted anew a hearing on Bennett's capacity to proceed was prompted by our concern that the record lacked sufficient medical evidence on which the trial judge could assess that defendant's capacity. And in Bennett mental retardation rather than mental illness was at issue. As we explicitly stated in Bennett: "Unlike mental illness, which is a variable state, difficult to measure retrospectively, mental retardation is a more static condition and hence its effect upon defendant's capacity to stand trial can be as easily determined now as it could have been contemporaneously with the trial." 345 So.2d at 1139.
In the instant case, defendant's allegation of insanity presents a different situation than was present in Bennett in that insanity is generally not static as is usually the case with mental retardation. A person once insane does not necessarily remain so; and a person who was once sane may become insane. It is therefore extremely difficult, if not impossible, for the sanity commission to examine this defendant on remand and determine whether defendant had the mental capacity to proceed on February 20, 1980, when the guilty pleas were entered.
Knox, supra, was a per curiam opinion of this Court and was somewhat closer to the facts in the instant case. It too, however, is distinguishable in that following the defendant's assertion that he lacked capacity to proceed, appointment of a sanity commission and conducting of a hearing, the trial judge found that the defendant possessed the requisite capacity. Because the judge based his decision solely upon the written report of a single member of the sanity commission, we remanded the case to the trial court for reappointment of a sanity commission and for a resumption of the *134 contradictory hearing on the defendant's capacity.
State v. Weber, 364 So.2d 952 (La.1978), is another case where the trial judge proceeded only after having determined that the defendant was capable. The record in that case, however, prompted this Court to conclude that the trial judge based his ruling primarily upon the experts' conclusions rather than upon his own assessment of the pertinent considerations. We therefore remanded for the trial court to re-evaluate defendant's capacity at the time of his trial, and we set forth guidelines for the judge to use in making that new evaluation.
In the case before us, defendant put his sanity at issue. The trial judge found reasonable doubt as to the defendant's capacity to proceed and appointed a sanity commission to inquire into his mental condition. The commission never reported its findings to the court (actually, defendant was probably not even examined) and there was never a contradictory hearing on the issue or a determination by the trial judge that this defendant had the capacity to proceed. Nevertheless, further proceedings were had, including the taking of defendant's guilty pleas. The law is clear in this situation. Article 642 mandates that "no further steps in the criminal prosecution" shall be taken until the defendant is found to have the mental capacity to proceed.
Acceptance of defendant's guilty pleas under these circumstances was clearly contrary to the law, and, we determine in this type of situation at least, not correctable retroactively. Defendant's guilty pleas therefore must be nullified.[3] Our initial ruling that it was error for the trial judge to deny defendant's second requested sanity commission just prior to sentencing is no longer necessary in light of our nullifying all proceedings after appointment of the sanity commission. Also, defendant's other assignments of error need not be considered.[4]

Decree
For the foregoing reasons, our ruling on original hearing is set aside. All of the proceedings taken after the appointment of the sanity commission, including defendant's guilty pleas, are vacated. Defendant's convictions are reversed and the case remanded to the trial court for further proceedings.
ORIGINAL DECREE SET ASIDE; REVERSED AND REMANDED.
LEMMON, J., dissents and assigns reasons.
MARCUS, J., dissents for reasons assigned in dissent on original hearing.
LEMMON, Justice, dissenting.
The sole fact that a sanity hearing was not held is not a proper ground for upsetting a guilty plea, especially when the trial court's failure to hold the hearing prior to accepting the plea is not objected to by counsel or otherwise preserved for review on appeal. See C.Cr.P.Art. 841; State v. Crosby, 338 So.2d 584 (La.1976); State v. White, 404 So.2d 1202 (La.1981). Therefore, the determinative issue is whether defendant in fact had the capacity to enter a guilty plea when he did so. See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). The need for finality in guilty pleas should only yield if the defendant in fact lacked mental capacity to proceed at the time of the plea. Only then is the defendant prejudiced by the failure to conduct the hearing.
Reversal of the conviction based on the guilty plea is therefore unnecessary at this time. The limited remand ordered on original hearing affords adequate protection of defendant's constitutional rights. If sufficient evidence is available at a post-conviction *135 hearing on remand to establish that defendant possessed mental capacity at the time of his guilty plea, then the conviction and sentence should be affirmed. If sufficient evidence is not available, then the guilty plea arguably should be set aside.[1] However, because reversal at this time is unwarranted, I respectfully dissent.
NOTES
[*] Judges Lottinger, Edwards, and Ponder of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche, and Watson.
[1] The attorney claimed that defendant had "failed or refused" to cooperate in the preparation of an adequate defense and that the attorney's fee due under his contractual employment had not been paid.
[2] La.R.S. 14:64 B provides:

"Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than 99 years, without benefit of parole, probation or suspension of sentence."
[1] In exchange for defendant's guilty pleas to the four counts of armed robbery, the district attorney dropped two other charges against defendant.
[2] The issue in Simmons was the correctness of the trial judge's ruling that a confession was freely and voluntarily made and therefore admissible.
[3] Since the proceedings after the appointment of the sanity commission are vacated, the plea bargain by which the state agreed to drop other charges against defendant (presumably entered coincident with defendant's entering the guilty pleas) is also without effect.
[4] These other assignments concern the adequacy of the Boykin examination and the length of the sentence imposed.
[1] Some trial judges routinely grant requests for sanity hearings, even if defense counsel does not establish reasonable grounds to doubt defendant's sanity. See C.Cr.P.Art. 643.

The plea in this case was entered almost a year after the initial request for a sanity hearing. At the plea the trial judge exercised extreme care to insure that there was a factual basis for defendant's plea and that the plea was voluntarily and intelligently entered. Defendant testified in detail as to each of the incidents, and the trial judge had a significant opportunity to observe his behavior and demeanor. The judge who accepted the plea, and defense counsel who advised defendant regarding the plea, obviously had no reasonable doubt as to defendant's ability to understand the nature of the proceedings and to assist counsel in his defense. Nevertheless, at the post-conviction hearing, the burden should fall on the state to establish the defendant's capacity, despite the presumption of sanity, because of the doubt cast on defendant's capacity by the previous judge's order for the sanity hearing. C.Cr.P. Art. 643.