416 So.2d 927 (1982)
STATE of Louisiana
v.
Robert AYLOR.
No. 81-KA-3111.
Supreme Court of Louisiana.
July 2, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-appellee.
Don M. Burkett, Many, for defendant-appellant.
PER CURIAM.
Defendant was charged by grand jury indictment with attempted second-degree murder in violation of La.R.S. 14:27; 14:30.1. Prior to arraignment, and at counsel's request, the trial court, with the Honorable John J. Pickett presiding, appointed a sanity commission for purposes of determining defendant's competency to stand trial. On September 24, 1980, the state and defense submitted the question on the reports of the commission doctors and the trial court took *928 the matter under advisement. On the next day, however, defendant failed to appear for arraignment and the trial court issued a bench warrant for his arrest. Thereafter, on April 1, 1981, defendant appeared in court before the Honorable W. Charles Brown and entered a plea of guilty to the reduced charge of aggravated battery, La. R.S. 14:34. On September 24, 1981, with the case set for sentencing, defendant then attempted to withdraw his plea on grounds that it was not knowingly and intelligently made. The trial court denied the motion, and sentenced him to nine (9) years' imprisonment at hard labor.
Defendant has now appealed his conviction and sentence to this Court, urging that the trial judge abused his discretion by refusing to vacate the plea before sentence. See, La.C.Cr.P. art. 559; State v. Andrasi, 343 So.2d 175, 177 (La.1977). We have reviewed the trial court's Boykin colloquy of April 1, 1981, and find that the judge conducted a thorough examination of defendant with regard to the constitutional rights he was waiving, the elements of the offense, the scope of the plea bargain in the case, and the possible sentencing range provided by La.R.S. 14:34. On the present record, we therefore find no apparent defect in the plea colloquy.
We note, however, that the record fails to indicate that the trial court made a formal ruling on defendant's capacity to proceed. The confusion no doubt stems from defendant's failure to appear at arraignment on September 25, 1980, and his subsequent plea before another judge on April 1, 1981. Nevertheless, it is fundamental that the state may not try a defendant, or accept a plea of guilty from him, if he lacks the capacity to understand the proceedings against him and aid in his own defense. Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); State v. Harris, 406 So.2d 128 (La.1981); State v. Holmes, 393 So.2d 670 (La.1981). Once the trial court granted the request for a sanity commission, it could therefore take no further steps in the case until it found that defendant had the capacity to proceed. La. C.Cr.P. art. 642.
Because the commission doctors did in fact examine defendant in August of 1980 and reported their findings to the trial court before he entered his plea, we do not vacate the plea at this time. Compare, State v. Harris, supra. However, we remand this case to the trial court for a formal determination of defendant's capacity to proceed. If the trial court finds, on the basis of the commission's reports, that defendant was not competent to stand trial, it should then vacate his constitutionally infirm plea. See, State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977). On the other hand, in the event the trial court finds that he did have the capacity to proceed, we reserve to defendant the right to appeal from that determination.
CASE REMANDED.