ARMSTRONG, Judge.
The defendant, Amelia Lee, was charged by bill of information with the offense of second degree murder, a violation of LSA-R.S. 14:30.1. She pled not guilty and not guilty by reason of insanity. After a sanity hearing the court found the defendant *854 mentally competent to stand trial. A twelve member jury found her guilty as charged and the court sentenced her to serve life imprisonment without benefit of parole, probation or suspension of sentence. It is from this conviction and sentence that the defendant has filed this appeal.
The record reflects that at approximately 8:00 p.m. on July 20, 1986, the defendant walked into Sybil’s Place, a bar located at 5337 Tchoupitoulas Street, and shot her married boyfriend in the back four times, fatally wounding him.
Defendant had been dating the victim for over seven years. Approximately one week before the shooting she discovered that he had been seeing another woman. The day of the murder she had an argument with the victim about the other woman. After the argument, she had a number of drinks at a local bar, went to a barbeque and then went into Sybil’s Place and shot the victim. No conversation occurred between the two immediately before the shooting. She just walked into the bar and shot the victim four times from behind. Defendant admitted shooting the victim, but testified that she did not remember any of the events of that day which had occurred after her earlier argument with the victim.
Defendant claims that she had been in therapy for several months prior to the shooting for depression, allegedly caused by a family conflict regarding the division of property of a deceased relative. Defendant had been taking Elavil, an anti-depressant, but stopped taking this medication several days before the shooting.
A review of the record reveals that there are no errors patent.
On appeal defendant relies on three assignments of error. For reasons hereinafter given we find the assignments un-meritorious and affirm defendant’s conviction and sentence.
In assignment of error number one, the defense counsel contends that the trial court erred in failing to allow the defendant an opportunity to put on evidence regarding her relationship with the victim. More specifically, counsel argues that the trial court impermissibly limited defendant’s opportunity to develop a manslaughter defense because the trial judge allowed only a “thumbnail” sketch of defendant’s relationship with the victim to come before the jury.
Defendant in this case was charged with second degree murder of her married boyfriend. The defense attempted to reduce the charges from second degree murder to manslaughter. A murder charge cannot be reduced to manslaughter unless the offense is committed in such passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and reflection. State v. Lee, 498 So.2d 1177 (La.App. 3rd Cir.1986), writ den., 504 So.2d 874.
A careful review of the transcript reveals that the trial judge during opening statements and the course of the trial allowed the defense to offer evidence and argument to the jury that the murder was committed “in the heat of passion.” Since the relationship spanned a seven year period, the judge, after hearing a synopsis of the seven year relationship by defendant, limited further testimony by her to events occurring approximately one week before the murder. The judge attempted to avoid a prolonged chronological history of the entire relationship.
LSA-R.S. 15:275 states:
In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel.
Rulings of the trial court in limiting unnecessary or repetitive examination of witnesses will not be disturbed unless an abuse of discretion is shown. State v. Naas, 409 So.2d 535 (La.1981) certiorari denied 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982). Nor will a conviction be overturned where defendant does not show that he was prejudiced through limitations placed on the cross examination of *855 witnesses. State v. Savoie, 448 So.2d 129 (La.App. 1 Cir.1984), writ denied 449 So.2d 1345 (La.1984).
The primary issue is whether the crime was committed in the “heat of passion.” Thus, the court was justified in partially limiting the defendant’s testimony to events closely related in time to the crime.
This assignment of error is without merit.
In assignment of error number two, the defendant contends that various actions on the part of the trial judge indicated bias against defense counsel which constituted reversible error.
Defendant first contends that the State made objections without stating the grounds therefor and that the trial court granted some of these objections without stating her reasons for sustaining them. The defense contends that these actions on the judge’s part evidenced bias of the judge in favor of the State and against the defendant. The defendant does not state any case law to support the position that the court was obligated to state the reasons for which she sustained or overruled an objection, nor could any be found. There is no reason to believe that these actions constituted bias in favor of the State resulting in reversible error. Accordingly, this assignment of error is without merit.
We especially note that the record is replete with examples of the trial court allowing defense counsel to rehabilitate his questions when objections were raised as to hearsay, relevancy, improper form or leading questions.
Defendant also urges that various comments and “quips” made by the trial judge to defense counsel during the proceedings were derogatory and further indicated that the judge was biased in favor of the State. A review of those incidents cited by the defense in its brief reflects nothing more than an attempt by the judge to insure that the trial proceed in an orderly fashion without unnecessary time delays. Moreover, since no objections were made regarding the judge’s alleged impartiality at trial, it is too late now for the defense to raise these alleged errors on appeal. State v. Cathey, 493 So.2d 842 (La.App. 5th Cir.1986), writ den., 500 So.2d 419 (La.1987). As to defendant’s further contention that the judge refused to allow “relevant” testimony regarding the defendant’s relationship with the defendant, this contention has already been addressed in the preceding section and is also without merit.
In addition, defendant argues that the bias of the trial court is further reflected in the charge to the jury, specifically in the trial judge’s reading of the manslaughter statute, LSA-R.S. 14:31, in that she dramatically emphasized the word “immediate.” Defendant maintains that the judge, in effect, was commenting upon the evidence by such emphasis. However, we find that the failure of the defense counsel to object to the charge at the time it was given operates as a waiver of the complaint on appeal. We cannot review the allegation in the absence of a contemporaneous objection and/or a motion for mistrial. LSA-C.Cr.P. Art. 841; State v. Neal, 275 So.2d 765 (La.1973).
Lastly, in assignment of error number three, the defendant contends that the court erred in permitting the trial to continue when it “became obvious” during trial that the defendant was mentally incompetent to proceed; thus, defendant’s conviction should be set aside.
Defendant pleaded not guilty and not guilty by reason of insanity. After a sanity hearing, the court found the defendant mentally competent to stand trial based upon the testimony of psychiatrists and the sanity commission report. At trial, the defendant testified at length and was basically responsive to the questions asked her. During trial, defense counsel did not raise the issue of defendant’s mental competency to proceed or seek the appointment of another sanity commission to reassess defendant’s mental capacity, nor did the court or the district attorney. Defense counsel also did not after trial file any motions with the trial court regarding this issue.
C.Cr.P. art. 642 provides:
*856 The defendant’s mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.
C.Cr.P. art. 643 provides:
The court shall order a mental examination of the defendant when it has reasonable ground to doubt the defendant’s mental capacity to proceed. Prior to the ordering of any such mental examination, the court shall appoint counsel to represent the defendant if he has not already retained counsel. Amended by Acts 1975, No. 325, § 1.
Defendant cites State v. Henson, 351 So.2d 1169 (La.1977) as authority for the proposition that the mental competency of the defendant can be challenged even after conviction. While this contention is true, the facts of Henson are distinguishable from those presented here. In Henson, no sanity commission was requested before or during the trial. After the trial, but before sentencing, the defense filed a motion for the appointment of a sanity commission. At the hearing on the motion, the defense presented psychiatric evidence indicating the defendant was mentally incompetent. The trial court denied the motion, but the appellate court found that the trial court erred in so doing because of the psychiatric evidence presented at the hearing. Although the appellate court found that a sanity commission should be ordered it did not reverse the conviction, but merely ordered a delay in sentencing until a sanity commission hearing could be held. The decision was based upon art. 642 of the Code of Criminal Procedure which provides for the stay of criminal proceedings only after the issue of mental competency is raised.
In this case, defendant’s mental competency was raised before trial. A sanity commission report was made and a sanity hearing held at which the defendant was found to be competent to stand trial. At trial, the defendant was responsive to questioning. No one challenged her competency. Only after conviction and sentencing did the defense try to raise this issue again.
This assignment of error lacks merits.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.