SEXTON, J. (Pro Tempore).
11 Defendant, Jermaine Williams, was convicted of second degree murder. He was sentenced to life in prison without benefit of probation, parole or suspension of sentence. Defendant now appeals. Since the trial court failed to conduct a competency hearing prior to proceeding to trial, the conviction and sentence of Defendant are vacated and the matter is remanded for further proceedings consistent with this opinion.

FACTS

In 2002, Defendant, Jermaine a/k/a “Spike” Williams, was living in Lake Providence, Louisiana, with his girlfriend Tynesia Raymond. The relationship was allegedly abusive and Ms. Raymond left Defendant and went to stay with a friend. On October 21, 2002, Ms. Raymond went to a Lake Providence grocery store to go shopping. Defendant allegedly was in the same grocery store and started an altercation with Ms. Raymond, which ended in her shooting death. On December 16, 2002, Defendant was charged with second degree murder, a violation of La. R.S. 14:30.1, for the murder of Ms. Raymond in East Carroll Parish. Defendant pled not guilty.
On September 30, 2004, Defendant moved for a sanity commission. The court appointed the commission to inquire into Defendant’s competency to stand trial and the commission found that he was not competent to stand trial at that time.[1] On October 11, 2004, the trial court ruled that he was not competent to stand trial. Interim psychological Revaluations resulted in a recommendation that Defendant should stay on his medications, but may be competent to stand trial.[2]
On February 21, 2007, the prosecution moved for a resumption of proceedings and the sanity commission reported that Defendant was competent to stand trial. However, at a sanity hearing on February 26, 2007, the defense moved for a continuance and requested a determination of whether Defendant was legally sane at the time of the offense. The trial judge ordered that an inquiry be held to determine if Defendant was competent at the time of the offense. An evaluation was performed and the psychologist who performed the evaluation filed a report stating that Defendant had a full scale IQ of 74, indicating borderline intellectual functioning. The report indicated that Defendant was on medication for psychosis, not otherwise specified, and that the medication was necessary and appropriate to maintain competency. The psychologist determined that, “The defendant currently has a rational as well as a factual understanding of the proceedings against him and has a sufficient present ability to consult with his/her lawyer with a reasonable degree of rational understanding.” The report regarding his competency at the time of the offense stated that Defendant suffers from schizophrenia, but understood the difference between right and wrong at the time of the offense.
*815 On May 10, 2007, the trial court conducted a sanity hearing finding Defendant competent to stand trial. Jury trial was set for April 28, 2008. |sOn July 1, 2008, Defendant changed his plea of not guilty to not guilty by reason of insanity and requested another sanity commission, which was reappointed by the trial court. The commission once again recommended that Defendant was not competent to stand trial. On August 7, 2008, the court issued an order finding that Defendant lacked the mental capacity to proceed because he had a mental disease or defect which rendered him incapable of understanding the proceedings against him and in assisting in his defense. At a review hearing on December 4, 2008, Defendant was again found incompetent to stand trial.
In November 2009, the trial court received a report from the sanity commission that Defendant was again competent to stand trial and could assist counsel. The report stated that Defendant must stay on his medication for adequate intellectual functioning. A sanity hearing was started on December 3, 2009; however, defense counsel objected to a psychiatric report and requested the opportunity to cross-examine the medical practitioner. The sanity hearing was reset for January 7, 2010, but the hearing did not take place. No further action took place with regard to the question of Defendant’s competency. The matter proceeded to trial and Defendant was convicted of second degree murder on March 4, 2011. This appeal ensued.

DISCUSSION

Defendant assigns three alleged errors on appeal. The first issue is whether the trial of Defendant, having been held to be incompetent, was error patent. We agree that, since Defendant had been previously found by [4the trial court to be incompetent to stand trial in its most recent ruling of December 4, 2008, and no further sanity' hearing was held on the issue, the commencement of trial was in violation of the Code of Criminal Procedure and of Defendant’s right to due process. We pretermit the other two assignments of error regarding the State’s use of Defendant’s statement and other crimes evidence at trial.
La. C. Cr. P. art. 642 provides: The defendant’s mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed. (Emphasis added.)
La. C. Cr. P. art. 647 provides:
The issue of the defendant’s mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant’s mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney. (Emphasis added.)
It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel and to assist in preparing his defense may not be subject to trial. State v. Nomey, 613 So.2d 157 (La.1993), citing Drope v. Missouri, *816 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 108 (1975). The failure to observe procedures adequate to protect a defendant’s |.r,right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. Id. Our statutory scheme for detecting mental incapacity “jealously guards a defendant’s right to a fair trial.” Id.
In State v. Nomey, supra, the defendant was charged with first degree murder and filed a motion for a sanity commission. Finding reason to doubt the defendant’s capacity to proceed,[3] the trial court appointed a sanity commission. The defendant was evaluated by two doctors, both of whom dictated reports that day finding the defendant competent. Nomey, supra. Also on that day, the defendant confessed to the killing to authorities. Subsequently, the defendant expressed his desire to plead guilty in exchange for the State’s agreement not to seek the death penalty. The trial judge accepted the guilty plea and sentenced the defendant to life imprisonment. No mention was made of the pending sanity commission at the hearing. Two weeks later, the doctors’ reports finding the defendant competent were filed in the court.
The supreme court found violations of articles 642 and 647 because the trial court, after finding a reasonable doubt as to the competence of the defendant in appointing the commission, never made a determination of competency prior to accepting the guilty plea. Proceeding with the prosecution under those circumstance is a nullity which cannot be cured |(¡retroactively by a nunc pro tunc hearing. Nomey, supra; State v. Harris, 406 So.2d 128 (La.1981); State v. Aylor, 416 So.2d 927 (La.1982).
Here, the State asserts that the matter should be remanded to the trial court for a nunc pro tunc hearing to determine Defendant’s competency retroactively under the reasoning in State v. Snyder.[4] We find the State’s reliance on State v. Snyder to be misplaced.
The supreme court in Snyder held that a defendant’s competency may be determined retroactively when “meaningful inquiry into the competency” can be made. In that case, the defendant filed a motion to appoint a sanity commission, the trial court granted the motion, had the defendant examined, held a sanity hearing and found the defendant competent to stand trial. State v. Snyder, supra. The defendant then claimed that the trial court erred in failing to continue the trial in order to allow defense counsel adequate time to prepare and to develop a defense of insanity. The defendant also argued that the trial court erred in denying the continuance in order to allow his medication to work better, which would have allowed him to communicate more effectively with and assist his attorney. Id.
Unlike in Snyder, Defendant in this case was not found to be competent to stand trial prior to the trial. Rather, Defendant was found incompetent to stand trial on three occasions prior to the case proceeding to trial; and, as previously discussed, the last sanity ruling by the trial court *817 before the trial commenced resulted in a finding of incompetency. For this 17reason, and under the reasoning of Nome?/, supra, we must vacate the conviction and sentence and remand for further proceedings.

DECREE

For the foregoing reasons, the conviction and sentence of Jermaine Williams are vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.
CONVICTION AND SENTENCE VACATED AND MATTER REMANDED FOR FURTHER PROCEEDINGS.
BROWN, Chief Judge, dissents and assigns written reasons.

. The prosecution of this case is extensive, including post-arrest statements and various procedural happenings. For brevity, we include in this discussion only the events relevant to the critical issue in the case, i.e., the failure to conduct a sanity hearing before proceeding to trial.

. We glean from the record that the back-and-forth findings of competency are related to an attempt to stabilize Defendant’s medication regimen. A consistent theme throughout the reports is that Defendant suffers from psychosis and must remain on his medications in order to be competent.

. La. C. Cr. P. art. 643 provides in pertinent part: “the court shall order a mental examination of the defendant when it has reasonable ground to doubt the defendant’s mental capacity to proceed.” Therefore, since it ordered the examination, the trial court must have found reasonable ground to doubt defendant’s mental capacity to proceed.

. State v. Snyder, 98-1078 (La.4/14/99), 750 So.2d 832, opinion after remand, 98-1078 (La.4/14/04), 874 So.2d 739, cert. granted, judgment vacated on other grounds, Snyder v. Louisiana, 545 U.S. 1137, 125 S.Ct. 2956, 162 L.Ed.2d 884 (2005).