587 So.2d 16 (1991)
STATE of Louisiana, Plaintiff-Appellant,
v.
Algy Joseph NICHOLAS, Defendant-Appellee.
No. CR90-1308.
Court of Appeal of Louisiana, Third Circuit.
August 7, 1991.
G. Paul Marx, Lafayette, for defendant-appellee.
Keith Stutes, Asst. Dist. Atty., Lafayette, for plaintiff-appellant.
Before STOKER and DOUCET, JJ., and CULPEPPER,[*] J. Pro Tem.
*17 DOUCET, Judge.
The defendant, Algy Joseph Nicholas, was charged by bill of information with manslaughter in connection with the March 12, 1988 death of Clayton Davis. Defendant pled guilty to manslaughter on April 10, 1990, pursuant to a plea bargain agreement in which the state agreed to dismiss an unrelated aggravated battery charge, to request a presentence investigation report, to allow defendant to remain out on a property bond put up by his parents, and to recommend jointly with the defense that defendant be sentenced to no longer than nine years at hard labor. At defendant's sentencing on August 27, 1990, defendant was sentenced to five years at hard labor.
On appeal, defendant raises several assignments of error. However, a review of the record for errors patent reveals a serious error concerning defendant's sanity, which mandates reversal. As a result we need not consider defendant's assignments of error.
Defendant was charged with manslaughter in May of 1988. On November 10, 1988, defendant filed a pretrial motion to appoint a sanity commission to evaluate both the defendant's mental competency to proceed and his sanity at the time of the offense. The trial judge granted this motion on November 14, 1988. He appointed two doctors to examine defendant and report on their findings. Defendant pled guilty on April 10, 1990, before the sanity commission reported its findings as to defendant's competency to proceed or his sanity at the time of the offense.
Under the provisions of La.C.Cr.P. art. 642, when the question of a defendant's mental capacity to proceed is raised, there shall be no further steps in the prosecution until the defendant is found to have the mental capacity to proceed. Therefore, once the trial judge granted defendant's motion and appointed a sanity commission to examine defendant, all proceedings in defendant's criminal prosecution should have been stayed pending a hearing at which the sanity commission would report and the trial judge rule on defendant's mental capacity to proceed. In fact, at a December 13, 1988 hearing on a motion to reduce defendant's bond, this factor was recognized. At that time, the hearing on the motion was passed because the sanity commission was still pending. The next minute entry reflects that on April 10, 1990, defendant entered his guilty plea.
After this appeal was lodged, a request was sent by this court to the Lafayette Parish Clerk of Court for any additional information concerning the report of the sanity commission. The clerk's office responded:
"There was no hearing conducted concerning the sanity commission report. The defendant pled guilty on the next court date and the sanity hearing was never heard."
It is an "error patent" on the face of the record for a trial court to allow criminal proceedings against a defendant to continue prior to the proper resolution of the issue of defendant's mental capacity to proceed. State v. Sharlow, 493 So.2d 213 (La.App. 5th Cir.1986), writ denied, 496 So.2d 329 (La.1986), citing State v. Charles, 450 So.2d 1287 (La.1984).
In State v. Harris, 406 So.2d 128 (La.1981), the defendant requested a sanity commission. The sanity commission was appointed but the defendant entered a plea bargain and pled guilty to four armed robbery charges before it reported its findings. In ruling that all proceedings conducted after the appointment of the sanity commission had to be vacated, the Louisiana Supreme Court at page 134 stated:
"In the case before us, defendant put his sanity at issue. The trial judge found reasonable doubt as to the defendant's capacity to proceed and appointed a sanity commission to inquire into his mental condition. The commission never reported its findings to the court (actually, defendant was probably not even examined) and there was never a contradictory hearing on the issue or a determination by the trial judge that this defendant had the capacity to proceed. Nevertheless, further proceedings were had, including the taking of defendant's guilty pleas.
*18 The law is clear in this situation. Article 642 mandates that `no further steps in the criminal prosecution' shall be taken until the defendant is found to have the mental capacity to proceed.
Acceptance of defendant's guilty pleas under these circumstances was clearly contrary to the law, and we determine in this type of situation at least, not correctable retroactively. Defendant's guilty pleas therefore must be nullified.3 ...
* * * * * *
fn 3. Since the proceedings after the appointment of the sanity commission are vacated, the plea bargain by which the state agreed to drop other charges against defendant (presumably entered coincident with defendant's entering the guilty pleas) is also without effect."
Accordingly, all proceedings taken on April 10, 1990, and August 27, 1990, are vacated. Upon remand, defendant is to be placed in the position he was in on November 14, 1988. The plea bargain is nullified. The unrelated aggravated battery charge is reinstated and the guilty plea vacated. No other steps in defendant's prosecution may be taken until a hearing on the report of the sanity commission is conducted and the judge rules on defendant's capacity to proceed.
Accordingly, defendant's conviction and sentence are reversed and set aside. This matter is remanded for further proceedings as outlined herein.
REVERSED AND REMANDED.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.