615 So.2d 4 (1993)
STATE of Louisiana
v.
Joseph Alvin CALAIS.
No. CR92-635.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Writ Denied May 21, 1993.
*5 G. Paul Marx, Lafayette, for defendant.
Robin Rhodes, Asst. Dist. Atty., Lafayette, for plaintiff.
Before DOMENGEAUX, C.J., and GUIDRY and STOKER, JJ.
STOKER, Judge.
Defendant, Joseph Alvin Calais, was convicted by the trial judge of second degree murder and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. Defendant has appealed his conviction. Based on an error patent on the face of the record, which is defendant's second assignment of error, we must vacate the sentence, reverse the conviction and remand the case to the trial court. Our reversal on the error patent renders discussion of defendant's other assignments of error unnecessary.

DISCUSSION
We reverse and vacate defendant's conviction and sentence based on the trial judge's failure to stay the criminal proceedings against defendant after ordering an evaluation of defendant's mental capacity to proceed on a motion by the State, in violation of LSA-C.Cr.P. art. 642.
Apparently defendant had previously suffered mental problems. On October 2, 1987, defendant filed a motion for a sanity commission which was granted by the trial judge. After due proceedings, the trial judge found defendant lacked the mental capacity to proceed and remanded the custody of defendant to the DHHR on March 18, 1988. At a subsequent sanity hearing on March 7, 1991, the trial judge determined that defendant was capable of standing trial and assisting in his own defense.
On December 10, 1991, on a motion by the State, the trial judge ordered that defendant be transferred back to the East Feliciana Forensic Facility for evaluation as to capacity to proceed. An amended minute entry on December 18, 1991 ordered that defendant receive treatment either in the Forensic Facility or from the DHHR in the LPCC (jail). However, a sanity commission was never appointed, despite the mandate set forth in LSA-C.Cr.P. art. 644. This constituted a defect in the evaluation order. See State v. Craft, 337 So.2d 1191, 1192, n. 1 (La.1976). On February 11, 1992, defendant's trial was held, resulting in his conviction and sentence.
When a question of the defendant's mental incapacity to proceed is raised, LSA-C.Cr.P. art. 642 mandates a stay in the criminal prosecution until the defendant is found to have the mental capacity to proceed. The purpose of this provision is to ensure that no action prejudicial to the defendant will be taken until the defendant's capacity to understand the nature of the proceedings and to assist in his defense has been established. See Official Revision Comment (b), LSA-C.Cr.P. art. 642; State v. Craft, supra.
It is well settled by the jurisprudence that any further steps in the prosecution taken after the issue of defendant's mental capacity to proceed was raised must be nullified, vacated and set aside. State v. Harris, 406 So.2d 128 (La.1981); State v. Henson, 351 So.2d 1169 (La.1977); State v. Nicholas, 587 So.2d 16 (La.App. 3d Cir. 1991).
Therefore, defendant's conviction and sentence are nullified. No other steps in defendant's prosecution may be taken until a sanity commission is appointed, defendant is evaluated, a hearing on the report of the sanity commission is conducted and the judge rules on defendant's capacity to proceed.

DISPOSITION
Defendant's conviction and sentence are reversed and vacated. This matter is remanded for further proceedings in accordance with the law.
REVERSED; VACATED; REMANDED.
DOMENGEAUX, C.J., dissents and assigns reasons.
*6 DOMENGEAUX, Chief Judge, dissenting.
Defendant was convicted of the second degree murder of his girlfriend. The record reveals that defendant struck the victim on the head with a hammer. After she bled to death, he tied her up and threw her body into Bayou Vermilion near Lafayette.
During the course of pretrial proceedings, defendant's mental capacity to stand trial was called into question. Consequently, a sanity hearing was held and defendant was found to be capable of standing trial. The trial was set for December 10, 1991, several months after the sanity determination was made.
On December 10, the State was granted a continuance without objection by the defense. The case was reset for February 11, 1992. As an aside, the State requested that the defendant be "re-evaluated for the tendencies exhibited here in court today...." The trial judge responded, "Motion is granted for evaluation as to his capacity to proceed."
The majority opinion finds no further disposition of the question of defendant's capacity to proceed, considers this to be patent error, and reverses the conviction.
I disagree for two reasons. First, the trial court's December 10 order for an evaluation was not responsive to the motion made by the State. Second, and more important, the order was subsequently revoked, and an amended order was issued via minute entry dated December 18, 1991. Accordingly, no further determination as to defendant's mental capacity to stand trial was required. Trial proceeded without objection on February 11, 1992.
Pertinent portions of the record are quoted as follows:

OPEN COURT
HONORABLE BYRON HEBERT, DISTRICT JUDGE, PRESIDING DECEMBER 10, 1991
BY MR. RHODES: In the interim, Your Honor, we also ask for a court order to have Mr. Calais sent back to East Feliciana Forensic as soonimmediately so that he may be re-evaluated for the tendencies exhibited here in court today forin particular, violence and that type of stuff, and have him brought back here for the February 11th trial date.
BY THE COURT: Motion is granted for evaluation as to his capacity to proceed.
* * * * * *
MINUTE ENTRY Tuesday, December 10, 1991 STATE OF LOUISIANA VS. JOSEPH ALVIN CALAIS SECOND DEGREE MURDER
The accused was not present in open court but represented by Gerald Block. This matter was previously scheduled for trial this date and upon request of State with no objection by defense, this matter was hereby reset for trial as first fixing on February 11, 1992. Upon further request of State, the Court ordered that the accused be transferred to East Feliciana Forensic Facility for evaluation as to capacity to proceed and transferred back for trial on February 11, 1992.
* * * * * *
*7 

*8 MINUTE ENTRY
Wednesday, December 18, 1991
STATE OF LOUISIANA
SECOND DEGREE MURDER
VS
AMENDED MINUTE ENTRY
JOSEPH ALVIN CALAIS
IT IS HEREBY ORDERED that the minutes of December 10th, 1991 be amended to order that accused, Joseph Alvin Calais, be transferred to East Feliciana Forensic Facility for treatment or receive treatment in LPCC (jail-based treatment) by DHH (Acadiana Mental Health).
Lafayette, Louisiana this 18th day of December, 1991.
* * * * * *
The above indicates to me that the State did not request further treatment or evaluation of defendant on December 10 for reasons of determining competency to stand trial, which issue had already been decided. The judge's order in response to the State's motion was made extemporaneously, without consideration of the actual request made by the State.
Hence, the order was subsequently amended to conform with the actual request made by the State. The December 18 order clearly revokes the December 10 order for an evaluation of capacity and orders, instead, treatment at an appropriate facility. The treatment was apparently carried out and the defendant was tried and convicted on February 14, 1992.
At no time between December 10, 1991 and February 14, 1992, did anyone bring up the question of a sanity hearing or infer that the trial could not or should not be held until a sanity hearing was conducted. This tells me that no one (not the prosecutor, nor the defendant, nor the judge) believed that defendant's mental capacity had been questioned, as discussed in La.C.Cr.P. Art. 642.
In light of the above, I suggest that the majority has erred in reversing this conviction. It should be affirmed.
I respectfully dissent.