WILLIAMS, Judge.
In February 1988, defendant, James Arthur Carney, was convicted of the second degree murder of his ten-week-old daughter and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. On November 21,1983, defendant, appearing pro se, filed a motion requesting an out-of-time appeal alleging that his counsel failed to appeal his conviction and sentence. At the conclusion of the February 23, 1984 evidentiary hearing on defendant’s request for an out-of-time appeal, the trial court orally denied his motion. A written ruling was not filed until May 21, 1991.
Defendant filed an application for post conviction relief which was denied by the trial court. Subsequently, this court granted defendant’s request for a supervisory writ. We ordered the trial court to grant the defendant an out-of-time appeal because the transcript of the 1984 evidentiary hearing did not indicate that defendant was advised of or intelligently waived his constitutional right to appeal.
On appeal, defendant asserts six assignments of error. Finding merit to his second assignment of error, we pretermit a discussion of the remaining assignments. We reverse defendant’s conviction, vacate his sentence and remand the matter for further proceedings.
By his second assignment of error, the defendant contends the trial court erred in permitting his case to proceed to trial before the issue of his mental capacity to proceed was resolved.
A defendant does not have the mental capacity to proceed when he lacks the capacity to understand the proceedings against him or to assist in his defense as a result of a mental disease or defect. LSA-C.Cr.P. Art. 641.
LSA-C.Cr.P. Art. 642 provides:
The defendant’s mental incapacity to proceed may be raised at any time by the defense, the district attorney or the court. When the question of the defendant’s mental incapacity to proceed is raised, there shall he no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed, (emphasis added)
The court shall order a mental examination of the defendant when it has reasonable ground to doubt the defendant’s mental capacity to proceed. LSA-C.Cr.P. Art. 643. Defendant’s mental capacity to proceed shall be determined by the court after a contradictory hearing. LSA-C.Cr.P. Art. 647.
The purpose of the mandate of Article 642 is to ensure that no action prejudicial to the defendant will be taken until the defendant’s capacity to understand the nature of the proceedings and to assist in his defense has been established. State v. Nomey, 613 So.2d 157 (La.1993) (citing Drope v. Missouri, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975)); State v. Calais, 615 So.2d 4 (La.App.3d Cir.1993); State v. Craft, 337 So.2d 1191 (La.1976).
In the instant case, an application for the appointment of a sanity commission was filed on December 7,1982. In the application, the defense counsel alleged that defendant could not assist counsel during his interviews and appeared to be hallucinating. He concluded *280 that the defendant did not have the mental capacity to understand the proceedings against him or assist in his defense.
On January 5, 1983, during a hearing on various pre-trial motions, the trial court noted the defendant had filed a motion for the appointment of a sanity commission. The trial court asked if the state objected to the appointment of a sanity commission and whether it would like a hearing on the matter. The state responded affirmatively. When the trial court, counsel for the state and defense counsel could not agree upon a hearing date, they agreed with the state’s suggestion that the hearing date be fixed by written order. An order fixing the sanity hearing for January 20, 1983 was prepared by the state and signed by the trial court.[1] The minutes of court for January 20, 1983 reflect counsel for the defendant and the state were present but no motions were filed. No further action was taken on the application for a sanity commission. Defendant’s trial was subsequently held on February 7-8, 1983.
In State v. Nomey, supra, our Supreme Court unequivocally declared that LSA-C.Cr.P. Art. 642 mandates that “no further steps in the criminal prosecution” shall be taken until defendant is found to have the mental capacity to proceed. The Court also rejected previous cases which held that a case may be remanded for a retroactive sanity hearing.
Defendant’s counsel raised the issue of defendant’s capacity to proceed well before trial. The trial court did not deny defendant’s application for a sanity commission; in fact, it suggested further proceedings on the issue. The record indicates that no action was taken during the January 20, 1983 hearing-set to discuss the appointment of a sanity commission.
In a per curiam opinion filed after our instructions to grant the out-of-tim'e appeal, the trial court emphasizes the fact that the defendant did not object to proceeding to trial without resolving the issue of his mental capacity to proceed. We are required to follow the mandate of Article 642. We are not inclined to ignore the mandate of Article 642 by holding that an implicit waiver of this due process violation may occur if the defendant does not object to any further proceedings before the issue of his mental capacity to proceed is resolved. Cf. State v. Beauchamp, 510 So.2d 22 (La.App. 1st Cir.1987). It was error for the trial court to allow the ease to proceed to trial without resolving the issue of the defendant’s mental capacity to proceed. Accordingly, defendant’s conviction must be reversed, his sentence vacated, and .his mental capacity to proceed must be determined before any other steps in the prosecution of his case occurs.
CONCLUSION
For the reasons expressed, defendant’s conviction is reversed and his sentence is vacated. The case is remanded for further proceedings as outlined herein.
REVERSED AND REMANDED.
Before NORRIS, LINDSAY, BROWN, STEWART and WILLIAMS, JJ.

. A review of the January 5, 1983 transcript indicates that the trial court fixed a hearing date to determine whether a sanity commission should be appointed rather than a date for a formal sanity hearing.