759 So.2d 334 (2000)
STATE of Louisiana
v.
Griffin PERKINS.
No. 00-KA-9.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 2000.
Rehearing Denied May 30, 2000.
*335 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Frank A. Brindisi, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
J. Rodney Baum, Louisiana Appellate Project, Baton Rouge, Louisiana, Attorney for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and THOMAS C. WICKER, Jr., Pro Tempore.
WICKER, Judge Pro Tempore.
Defendant, Griffin Perkins, was convicted of two counts of distribution of cocaine in violation of La. R.S. 40:967 A. Pursuant to a multiple bill, defendant was found to be a third felony offender and he was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant has appealed, and had presented three assignments of error for our consideration. We find merit to defendant's first allegation of error, which requires us to vacate the sentence, reverse the conviction and remand this case to the trial court.

FACTS
On November 24, 1997, Agent Ron Seals of the Jefferson Parish Sheriff's Office was working undercover in the Avondale area of Jefferson Parish purchasing narcotics from street sellers. Agent Seals was driving an unmarked police car equipped with a video camera. During this operation, Agent Seals stopped at a corner store located at U.S. 90 and Glendella Drive. While Agent Seals was stopped, he asked defendant if he had crack cocaine by asking defendant if he had a "twenty." Defendant told Agent Seals that he could get some if the agent would drive defendant to his house. The agent refused, and defendant then spoke to two men who were sitting in a car which was also parked near the store. After defendant spoke to the two men, he returned with an off-white, rock-like object which he sold to the agent.
After the completion of the transaction, the agent drove off and met with Agent Wilkie Declouet of the Jefferson Parish Sheriff's Office. Agent Seals turned over to Declouet the rock-like object and the video tape of the transaction. Declouet field-tested the object that Agent Seals *336 purchased for the presence of cocaine and the object tested positive. Declouet then prepared a photographic lineup for Agent Seals to view. Agent Seals viewed the lineup approximately one hour after the transaction and identified defendant as the person who sold him the crack cocaine.
On November 25, 1997, one day later, Agent Seals was again making undercover narcotics purchases in a camera equipped car. On that day, Agent Seals again purchased a rock of crack cocaine from defendant.
The defense did not present any testimony at trial.

DISCUSSION
Defendant argues that his conviction should be overturned because the trial court failed to determine whether he was competent to stand trial after the appointment of a sanity commission.
During a hearing held on August 3, 1998, defense counsel made an oral motion for the appointment of a sanity commission which was granted by the trial judge in open court. A written motion to appoint a sanity commission was filed on August 10, 1998 which was granted by the trial court on August 24, 1998. From the record, it appears that the defendant was not evaluated by the sanity commission, as evidenced by two letters. The first letter is dated September 15, 1998 and requests defense counsel's presence for a scheduled evaluation of defendant because defendant refused to cooperate during a previous evaluation. In a letter dated October 23, 1998, Dr. Bobet of the Jefferson Parish Human Services Authority Forensic Services informed the trial court that because of defendant's uncooperative behavior his competency to stand trial could not be assessed. The minute entry of the date set for the sanity hearing reflects that no such hearing was held; instead, counsel participated in a bench conference wherein the court was notified that the defendant refused to be evaluated. There was no ruling on the defendant's competency to stand trial on that date or at any other time present in the record.
In State v. Nomey, 613 So.2d 157, 161 (La.1993) the Louisiana Supreme Court said that:
It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel and to assist in preparing his defense may not be subject to trial. Drope v. Missouri, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975). The failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. Id. at 172, 95 S.Ct. at 904; Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); State v. Rogers, 419 So.2d 840 (La.1982). Our statutory scheme for detecting mental incapacity "jealously guards a defendant's right to a fair trial." Rogers, at 843.
Louisiana's statutory scheme for detecting mental incapacity is set forth in Code of Criminal Procedure Articles 641 et seq. La.C.Cr.P. art. 642 sets out the effect of appointing a sanity commission:
The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.
C.Cr.P. art. 647 sets forth how a defendant's mental capacity to proceed is determined:
The issue of the defendant's mental capacity to proceed shall be determined by the court in a contradictory hearing. The report of the sanity commission is admissible in evidence at the hearing, *337 and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant's mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney.
Once the question of the defendant's mental capacity to proceed is raised, La.C.Cr.P. art. 642 mandates a stay in the prosecution until the defendant is found to have the mental capacity to proceed. The purpose of this provision is to ensure that no action prejudicial to the defendant will be taken until the defendant's capacity to understand the nature of the proceedings and to assist in his defense has been established. State v. Calais, 615 So.2d 4, 5 (La.App. 3 Cir.1993), writ denied, 617 So.2d 1180 (La.1993).
In this case, the trial court appointed a sanity commission to evaluate the defendant's mental capacity to proceed; however, no such evaluation was completed, and the trial court made no ruling on defendant's capacity to proceed prior to the start of trial. It is well established that any further steps in the prosecution taken after the issue of defendant's mental capacity to proceed was raised must be nullified, vacated and set aside. State v. Harris, 406 So.2d 128 (La.1981); State v. Calais, supra. See also, State v. Green, 94-0034 (La.App. 4 Cir. 2/16/94), 632 So.2d 1187, writ denied, 94-0672 (La.4/29/94), 637 So.2d 464.
The State, in brief, argues that this court can infer that the trial judge found the defendant competent to stand trial from the record. We will not infer protection of a defendant's constitutional right to due process and a fair trial from a silent record.
In this case, the trial court may have been reluctant to rule on the defendant's capacity to proceed due to the defendant's failure to cooperate with the members of the Sanity Commission. It is the defendant's burden to prove his incapacity to stand trial. State v. Edwards, 406 So.2d 1331 (La.1981). There is a presumption under Louisiana law that a defendant is sane, and he bears the burden of proving, by a preponderance of the evidence, that he is incapable of standing trial due to a mental disease or defect. State v. Hernandez, 98-448 (La.App. 5 Cir. 5/19/99), 735 So.2d 888.
A court may receive expert medical testimony on the issue of a defendant's mental capacity to proceed; however, the ultimate decision of competency rests with the court alone. State v. Hernandez, supra. The defendant's cooperation, or lack thereof, is one factor for the trial judge to consider in his determination of competency. The defendant cannot prove his incapacity to stand trial merely by having stymied the efforts of the Sanity Commission. State v. Edwards, citing State v. Holmes, 393 So.2d 670 (La.1981). Likewise, the defendant's failure to cooperate with the Sanity Commission does not negate the necessity for a ruling on the defendant's mental capacity to proceed to trial.
Therefore, defendant's conviction and sentence are vacated, and the case is remanded to the trial court. No further steps in the prosecution may be taken until the defendant is evaluated, a hearing is conducted, and the trial judge rules on the defendant's capacity to proceed.
CONVICTION AND SENTENCE VACATED AND SET ASIDE; CASE REMANDED.