352 So.2d 1293 (1977)
STATE of Louisiana
v.
Willie VOLSON.
No. 60103.
Supreme Court of Louisiana.
December 19, 1977.
*1294 Jack L. Simms, Jr., Simms & Gold, Leesville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., William E. Tilley, First Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Grand Jury for the Parish of Vernon indicted Willie Volson for aggravated rape, a violation of LSA-R.S. 14:42. After a jury trial, defendant was found guilty as charged and sentenced to death. On appeal, defendant relies upon two assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges that the lower court erred in refusing to appoint a sanity commission to determine his mental status after the court allowed defendant to withdraw his plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity."
On May 13, 1976, defense counsel filed a Motion for Continuance, alleging that he had been appointed after defendant's former counsel had been relieved; that he had no notice of the trial date; and that he needed additional time in which to prepare the defense. The written motion was denied on May 17, 1977, the date trial had been scheduled. However, the trial was refixed for May 24, 1976.
On May 24, 1976, the day of trial, the defendant orally moved to change his plea of "not guilty" to "not guilty and not guilty by reason of insanity," for the appointment of a sanity commission, and for a continuance. The court allowed the change of plea, but denied the request for appointment of a sanity commission and for a continuance. In his request, defendant simply alleged that he wished to have a sanity commission appointed to determine if defendant was presently sane, based on his plea of not guilty and not guilty by reason of insanity. The court informed defense counsel that he would not delay trial, but that he could call a physician to examine the defendant if he wished to do so.
We find no merit in defendant's contention that the trial court erred in denying his motion for the appointment of a sanity commission. The appointment of a sanity commission to inquire into the mental condition of the accused is addressed to the sound discretion of the trial judge. His ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Nix, La., 327 So.2d 301 (1975). The trial court is required to order a mental examination of the defendant only when it has reasonable ground to doubt the defendant's mental capacity to proceed. LSA-C.Cr.P. art. 643; State v. Keys, La., 346 So.2d 169 (1977); State v. Nix, supra.
*1295 In the present case, the defense motion was unsupported. Hence, the trial judge did not abuse his discretion in overruling it.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant alleges that the lower court erred in allowing the State to challenge for cause approximately ten prospective jurors because of their objections to capital punishment.
The State, during voir dire, challenged various prospective jurors for cause due to their objection to the death penalty. LSA-C.Cr.P. art. 798. Defendant objects to these challenges, arguing that, even if he is insulated from the death penalty, the granting of the challenges for cause denied him a fair trial. We have found this argument to be without merit when the challenges for cause are properly granted by the court. State v. Ross, La., 343 So.2d 722 (1977).
We have carefully examined the record of the voir dire and are completely satisfied that the jurors were properly excused for cause in compliance with Louisiana Code of Criminal Procedure Article 798. The responses made by the prospective jurors clearly show that, regardless of the evidence presented, they would not concur in a verdict of "guilty of aggravated rape" because of their refusal to apply the death penalty required by the statute.
Assignment of Error No. 3 is without merit.
In compliance with the decision in Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), we are compelled to vacate the death sentence here imposed and remand the case to the lower court for resentencing of the defendant to the most serious penalty for the next lesser included offense at the time of the commission of the crime. State v. Craig, La., 340 So.2d 191 (1976); State v. Lee, La., 340 So.2d 180 (1976).
For the reasons assigned, the conviction is affirmed; however, the sentence is vacated and the case remanded for resentencing in accordance with law and the views herein expressed.
DIXON, J., concurs.