BROWN, Chief Judge.
|,The Bossier Parish Grand Jury indicted 16-year-old Quincy Price for the aggravated rape of a 6-year-old male. The indictment charged that the crime occurred on or between the 5th and 6th of August 2005. Defendant, Quincy Price, pled guilty to the offense of attempted aggravated rape, specifically reserving the right to appeal pretrial rulings as allowed under State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to 25 year’s at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant has appealed his conviction asserting that the trial court erred in denying a motion to quash and/or abused its discretion in determining defendant’s competency to stand trial. We affirm defendant’s conviction and sentence.

Facts and Procedural History

At the time of the crime, defendant was 16 years old and was initially prosecuted as a minor in juvenile court. The juvenile court appointed a sanity commission consisting of two psychiatrists to examine defendant and report on mental competency.[1] Dr. Richard Williams, a member of the sanity commission, submitted a report to the juvenile court dated September 12, 2005, in which he opined that defendant was competent to stand trial.
On October 12, 2005, the Bossier Parish Grand Jury filed its indictment in district court charging defendant as an adult with the aggravated rape. At this time defendant’s case was transferred to the district court and on November 8, 2005, defendant pled not guilty. On November 16, 2005, Dr. George Seiden, a member of the sanity commission appointed | Jn the juvenile proceedings, submitted a report to the juvenile court in which he opined that defendant understood the charges against him and was able to assist in his own defense.
On November 18, 2005, John Gianforte, a LPC and LMFT[2] hired by defendant’s mother, performed a mental health evaluation of defendant and found him not competent to stand trial. Gianforte released his findings only to defendant’s mother.
On December 6, 2005, defendant’s trial counsel filed a motion to quash the indictment in district court asserting that defendant was originally charged as a juvenile, that a sanity commission was ordered and that the indictment was filed before any determination of competency. A hearing on the motion to quash was held on March 14, 2006. At the hearing, defense counsel argued that the indictment should be quashed because once the sanity proceedings were instigated in juvenile court, La. Ch. C. art. 843 prohibited any further steps in defendant’s prosecution, including the filing of an indictment in district court.
The trial court denied the motion to quash but issued a stay of all proceedings until the question of competency was decided. More than a year later, on July 3, 2007, a hearing was held in district court to determine defendant’s capacity to stand trial. At the hearing, the trial court recognized that defendant had been in jail for two years without a ruling on his capacity. *580 Defense counsel and the state agreed to submit the 2005 reports of Drs. Williams and Seiden. The report prepared by John Gianforte was not | ¡presented to the court. The trial court found that defendant had the capacity to proceed to trial.
On November 26, 2007, defendant pled guilty to the lesser offense of attempted aggravated rape, reserving his right to appeal under State v. Crosby, supra. He was sentenced on April 22, 2008. At sentencing the trial court noted the reports of the sanity commission and also the report of John Gianforte. Defendant filed a motion to reconsider sentence, alleging that the 25-year sentence was excessive. The motion was denied by the trial court and the instant appeal ensued.

Discussion

Defendant argues that the trial court erred in determining that he was competent to stand trial. According to defendant, the trial court should have ordered a sanity commission as required by La. C. Cr. P. art. 644 once defendant’s capacity was raised in the motion to quash hearing. Defendant also contends that the trial court made its determination of capacity based upon evaluations of defendant made two years before the competency determination. Finally, defendant argues that his trial counsel should not have agreed to submitting the stale reports and should have included John Gianforte’s report which found him not competent to stand trial. Defendant asks this court to remand the matter to the trial court for a retroactive determination of defendant’s capacity at the time of his guilty plea in a nunc pro tunc hearing.[3]
| ¿Because the prosecution of a defendant who is incompetent to stand trial will lead to a reversal of his conviction and sentence, issues concerning the eompe-fence of a defendant to stand trial are jurisdictional errors that may be reviewed on appeal notwithstanding a defendant’s guilty plea or his failure to specifically allege the issue as an assignment of error at the time he enters a Crosby plea. State v. Nomey, 613 So.2d 157 (La.1993).
Sanity issues in juvenile proceedings are outlined in La. Ch. C. arts. 832-838. Article 832 provides that once the issue of a child’s mental incapacity has been raised there can be no further steps in the delinquency proceedings until there has been a determination that the child has the capacity to proceed.
However, La. Ch. C. art. 305 provides that when an indictment is filed in district court charging a child 15 years old or older with the offense of aggravated rape, the juvenile court is divested of its jurisdiction and the case is transferred to district court, which then exercises exclusive jurisdiction over all subsequent procedures in the case.
In district court, sanity proceedings are governed by La. C. Cr. P. arts. 641-649.1. Mental incapacity to proceed exists when, as a result of a mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La. C. Cr. P. art. 641. Under La. C. Cr. P. art. 642, a defendant’s capacity to understand the proceedings against him or to assist in his defense may be raised at any time by the defense, the state, or the court. Typically, when an issue concerning |sa defendant’s capacity is raised, the court orders a mental examination by a sanity commission. La. C. Cr. P. art. 643.
In the case sub judice, the trial court recognized the need for a competency determination and after denying the motion *581 to quash stayed all further proceedings until that issue could be decided. The court did not appoint a new sanity commission as one had already been ordered and the two psychiatrists had rendered their reports.
At the hearing on defendant’s motion to quash, defendant’s trial counsel did not ask the court to order a new mental examination or appoint another sanity commission.[4] Nonetheless, it was within the trial court’s discretion as to whether to order a new mental examination by a sanity commission. La. C. Cr. P. art. 643; State ex rel. Seals v. State, 00-2738 (La.10/25/02), 831 So.2d 828; State v. Volson, 352 So.2d 1293 (La.1977).
Considering the circumstances involved at the hearing, the trial court did not abuse its discretion by failing to order another examination. State v. Volson, supra. At the time of the hearing, the juvenile court had already appointed a sanity commission to conduct a mental examination of defendant. Also, the state indicated at the hearing that the reports by the members of the commission had already been completed. Nothing in the record indicated that defendant’s mental capacity had changed. The state and defendant’s trial counsel can submit the reports of the sanity commission and those from any appropriate expert obtained by the |fidefendant. State v. Darnell, 43,048 (La.App.2d Cir.08/13/08), 988 So.2d 870; State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). The defendant, however, is not permitted to withdraw his motion for a sanity hearing in its entirety, because that would remove the ultimate decision regarding his competency from the trial court. State v. Carney, 25,518 (La.App.2d Cir.10/13/95), 663 So.2d 470. We find no error in the trial court’s determination not to order another sanity commission.
Defendant argues that the trial court improperly based its determination of defendant’s capacity to stand trial on “stale” reports that had been presented two years before the trial court made its capacity determination. However, these allegedly “stale” reports were submitted to the trial court for consideration pursuant to a joint agreement between the state and defendant. The trial court recognized that the evaluations were two years old; however, there were no suggestions that there had been any change in circumstances. We find no error in accepting these reports.
Defendant also contends that it was wrong for his attorney to agree to submit the physicians’ reports and not insist on having a formal contradictory hearing. Defendant’s attorney was permitted to submit reports to the trial court in lieu of a formal contradictory hearing; however, he would not have been allowed to withdraw a motion for the sanity proceedings in its entirety. In this case, defendant’s trial counsel did not end the sanity proceedings but simply permitted a determination based upon the medical reports.
17Pefendant also takes issue with his trial attorney’s failure to submit to the trial court the report by his privately obtained mental health evaluator, John Gian-forte, which found defendant incompetent to stand trial. This claim is more properly reserved for an ineffective assistance of counsel claim in an application for post-conviction relief. However, even if, under the Strickland![5] analysis for ineffective as *582 sistance of counsel, defendant’s trial counsel had rendered a deficient performance, the prejudice to defendant would have been minimized by the fact that the two physicians on the sanity commission clearly found that defendant had the capacity to stand trial.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.

. The record is unclear as to who initiated the juvenile sanity proceedings and on what grounds they were instituted. See La. Ch. C. art. 832.

. Licensed Professional Counselor and Licensed Marriage and Family Therapist.

. See State v. Snyder, 98-1078 (La.04/14/99), 750 So.2d 832, 854.

. La. C. Cr. P. art. 644.1, which creates a procedure for a juvenile transferred to criminal court to seek a special type of sanity hearing, was not enacted at the time the bill of indictment was filed against defendant.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).