NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1401

STATE OF LOUISIANA

VERSUS

HAROLD DEWAYNE BAYLOR, SR.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 281055
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED.

James C. Downs
District Attorney - Ninth Judicial District Court
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

Numa V. Metoyer, III
Assistant District Attorney - Ninth Judicial District Court
P.O. Drawer 1472
Alexandria, LA 71309
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2806**
**Monroe, LA 71207**
**(318) 388-4205**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Harold Dewayne Baylor, Sr.**

**GREMILLION, Judge.**

Defendant, Harold Dewayne Baylor, Sr., was convicted of attempted carjacking and unauthorized use of a motor vehicle in June 2006. He was adjudicated a habitual offender and sentenced to seventeen years at hard labor for each offense, to be served concurrently. Defendant subsequently filed an appeal seeking review of his convictions and sentences.

On appeal, Defendant's convictions and sentences for unauthorized use of a motor vehicle and attempted carjacking were conditionally affirmed, and the case was remanded to the trial court for an evidentiary hearing to determine whether there were reasonable grounds to doubt Defendant's capacity to proceed. *State v. Baylor*, 08-141 (La.App. 3 Cir. 11/26/08), 998 So.2d 800, *writ denied*, 09-275 (La. 11/20/09), 25 So.3d 795. At the subsequent evidentiary hearing, defense counsel moved for the appointment of a sanity commission. The State objected to the motion, which was subsequently denied by the trial court.

Defendant filed an Application for Post-Conviction Relief seeking an out-of-time appeal, which was granted. Defendant is now before this court asserting one assignment of error. He contends the trial court erred in denying his motion for appointment of a sanity commission. This assignment of error lacks merit.

**FACTS**

> George Drewitt allowed the Defendant to use his truck in exchange for crack cocaine. The Defendant did not return the truck and was stopped by police while in possession of the truck. Upon exiting the truck, the Defendant fled from police. While fleeing from police, the Defendant jumped through the open window of a car being driven by Freddie Butler. The Defendant was subsequently apprehended and convicted of unauthorized use of a motor vehicle and attempted carjacking.

*Id*. at 803.

## DISCUSSION

Defendant contends the trial court erred in denying his motion for appointment of a sanity commission.

In Louisiana, the prohibition against subjecting an incompetent individual to a criminal trial "is codified in our law, which directs the suspension of criminal proceedings against one found to be mentally incompetent." *State v. Bennett*, 345 So.2d 1129, 1136 (1977) (on rehearing). LSA-C.Cr.P. arts. 642 and 648. Louisiana's statutory scheme for detecting mental incapacity jealously guards a defendant's right to a fair trial. [*State v.*] *Nomey*, 613 So.2d [157] at 161[, (La.1993)]. In Louisiana, "[m]ental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." LSA-C.Cr.P. art. 641. In Louisiana, there is a presumption of sanity, and before the court is required to appoint a sanity commission, the defendant has the burden to establish his incapacity to stand trial by a clear preponderance of the evidence. See, LSA-R.S. 15:432; *State v. Bridgewater*, 00-1529, p. 6 (La.1/15/02), 823 So.2d 877, 888; [*State v.*] *Martin*, 00-01489 at p. 1, [(La. 9/22/00),] 769 So.2d [1168] at 1169; *State v. Armstrong*, 94-2950, p. 4 (La.4/8/96), 671 So.2d 307, 309. This Court has determined that the defendant bears the burden of proving by a preponderance of the evidence his incapacity to stand trial. *Armstrong*, 94-2950 at p. 4, 671 So.2d at 309. The procedure for raising the issue of a defendant's competency is set forth within LSA-C.Cr.P. art. 642:

> The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there *shall be no further steps* in the criminal prosecution, except for the institution of prosecution, until the defendant is found to have the mental capacity to proceed.

According to LSA-C.Cr.P. art. 643, a court shall order a mental examination of a defendant and appoint a sanity commission when it "has reasonable ground to doubt the defendant's mental capacity to proceed." This Court has determined that "reasonable ground" refers "to information which, objectively considered, should reasonably raise a doubt about the defendant's competency and alert the court to the possibility that the defendant can neither understand the proceedings, appreciate the proceedings' significance, nor rationally aid his attorney in his defense." *State v. Anderson*, 06-2987 (La.9/9/08), 996 So.2d 973, 992; *State v. Snyder*, 98-1078 (La.4/14/99), 750 So.2d 832, 850.

2

In evaluating the legal capacity of a criminal defendant, this Court, noting *Bennett*, *supra,* explained that the trial court's decision regarding a defendant's competency to stand trial "should not turn solely upon whether he suffers from a mental disease or defect, but must be made with specific reference to the nature of the charge, the complexity of the case, and the gravity of the decision with which the defendant is faced." *State v. Carmouche*, 01-0405 (La.5/14/02), 872 So.2d 1020, 1039. In Louisiana, a judicial examination of a defendant's competency has focused primarily on whether a defendant "understands the nature of the charge and can appreciate its seriousness." *See*, *Bennett*, 345 So.2d at 1138. Additionally, when a defendant's ability to assist in preparing his defense is at issue, the following questions must be considered:

> whether he is able to recall and relate facts pertaining to his actions and whereabouts at certain times; whether he is able to assist counsel in locating and examining relevant witnesses; whether he is able to maintain a consistent defense; whether he is able to listen to the testimony of witnesses and inform his lawyer of any distortions or misstatements; whether he has the ability to make simple decisions in response to well-explained alternatives; whether, if necessary to defense strategy, he is capable of testifying in his own defense; and to what extent, if any, his mental condition is apt to deteriorate under the stress of trial.

*Carmouche*, 872 So.2d at 1039 (citing *Bennett*, *supra*).

In the exercise of its discretion, the trial court may consider both lay and expert testimony when deciding whether reasonable grounds exist for evaluating a defendant's competency. *Martin*, 00-0489 at p. 2, 769 So.2d at 1169. An appellate court owes the trial court's determinations as to the defendant's competency great weight, and the trial court's ruling thereon will not be disturbed on appeal absent a clear abuse of discretion. *Bridgewater*, 00-1529 at p. 6, 823 So.2d at 888.

Nevertheless, the appointment of a sanity commission is not a perfunctory matter or a ministerial duty of the trial court, and is not guaranteed to every accused in every case. *State v. Volson*, 352 So.2d 1293, 1297 (La.1977); *State v. Lott*, 574 So.2d 417, 424 (La.App. 2 Cir.1991), *writ denied*, 580 So.2d 666 (La.1991). Even the fact that a defendant's capacity to proceed is called into question by formal motion does not, for that reason alone, require an order for a mental examination. LSA-C.Cr.P. Art. 643, Off'l Rev. Cmt. (a) ("The ordering of a mental examination as to the defendan's present capacity to proceed rests in the sound discretion of the court. It is not enough that the defense has filed a motion urging the defense, but there must be sufficient evidence to raise a reasonable doubt as to such

capacity."). *Lott, supra; State v. Goins*, 568 So.2d 231, 234 (La.App. 3 Cir.1990), *writ denied*, 573 So.2d 1117 (La.1991).

*State v. Odenbaugh*, 10-268, pp. 6-9 (La. 12/6/11), 82 So.3d 215, 227-28.

In Defendant's previous appeal, he asserted the trial court erred in refusing to order a psychiatric evaluation to determine his competency. This court set forth the following when addressing the issue:

> On June 20, 2006, court convened and the parties were informed that, because of the late hour, jury selection would commence the following morning. Defense counsel informed the trial court that the Defendant would like to make a motion. The following exchange then occurred:
>
> BY THE DEFENDANT:
>
> Yeah, I—I'm, right now, on mental evaluation at—at Forcht Wade. I—I—my last—last—what it was—what they—my—my sanity hearing, I went—I—I went to it, and they granted me. And I—I was on medicine, and I really don't understand what they doing, and I don't think that, uh—
>
> BY THE COURT:
>
> Sir, that's a motion that—something you need to discuss with your counsel, . . .
>
> BY THE DEFENDANT:
>
> I did.
>
> BY THE COURT:
>
> . . . and your counsel will be able to, if he deems fit, to file whatever motions he deem [sic] necessary; but that's not something I cannot, in exparte [sic] fashion, rule one way or the other.
>
> BY THE DEFENDANT:
>
> I mean, I take medicine—I take medicine for mental health, and—and they—I—I'm—I'm—I'm paranoid schizophrenia, and—and I'm—I'm—I'm—I'm bipolar. And I don't understand why I'm doing for running from the police, they tell me carjack—

4

. . . .

BY THE COURT:

That's it.  That's something . . .

. . . .

BY THE COURT:

. . . you discuss with your attorney.  Mr. Hickman, you handle it as you wish.  Tomorrow morning, at nine o'clock, we start picking a jury.

The following day, defense counsel informed the trial court that the Defendant instructed him to file a motion for sanity commission and that he would not be filing the motion.  Defense counsel then stated he had no good faith belief that the Defendant was not able to understand the nature of the proceedings against him or assist counsel.  Defense counsel additionally told the trial court that the Defendant no longer wanted to be represented by him.  The trial court would not relieve defense counsel of his duties.  The trial court then stated the following regarding the motion for sanity commission:

And as to the sanity motion that you're arguing to me, one has not been formally filed; therefore, it is not my consideration at this time.  It's not something for me to deliberate.  And, so, I—it's not filed; it doesn't exist.  I will presume that this man is capable of proceeding to trial, because I have no evidence and none is being presented to the contrary.

Jury selection followed and verdicts were returned on June 22, 2006.

With the help of inmate counsel, the Defendant filed a *pro se* "Motion for Psychiatric Examination" on February 21, 2007.  Therein, the Defendant asserted that he discussed with his appointed attorney the possibility that he suffered from a serious psychological disturbance, which his family could validate, and that his ability to understand the seriousness of the offenses should have been examined.  The Defendant further asserted that he could not understand the proceedings against him or assist in his defense as a result of mental disease or defect and an "acquittal was entered into the record of a prior unrelated offense."

Court convened on February 26, 2007, in the Defendant's absence.  At that time, the State informed the trial court that the Defendant filed a motion for a sanity commission.  Defense counsel informed the trial court that the motion was a *pro se* motion.  The trial court dismissed the motion, stating, "I'm not saying that the motion

5

itself may not have any merit, but I want it filed only by counsel of record." Defense counsel was given the opportunity to adopt the Defendant's motion. Defense counsel stated that, based on his conversations with the Defendant, he did not think the Defendant was incompetent; therefore, he had no basis to file such a motion. The trial court then stated, "Okay, well, let's put that on the record, because I just said what I will do with these pro se sanity motions."

Subsequently, in a sidebar conference, the following occurred:

BY MR. BUCK:

Judge, Harold is--is crazy as looney. He's a four-time loser. And I got . . . (Unintelligible) . . . prints on him. I've been trying to get Harold to accept seventeen years flat.

BY THE COURT:

But if he's crazy, I can't give him--

BY MR. HICKMAN:

He's not craze [sic] Judge.

BY THE COURT:

I don't want to give him--

BY MR. HICKMAN:

It's an act he puts on. He understands perfectly what's going on.

BY THE COURT:

He understands.

BY MR. BUCK:

No, Judge, he's playing games.

BY THE COURT:

He's playing games, okay. We'll [sic] I know--

BY MR. BUCK:

Yeah.

BY THE COURT:

6

That's why I know what to do with this motion.

> The Defendant was brought to the courtroom, and he told the trial court that he had his inmate lawyer file a motion regarding sanity. Defense counsel informed the Defendant that the trial court had denied the motion. The Defendant then stated, "Oh. Didn't let me-- [.]" The trial court informed the Defendant that the motion had been summarily denied and proceeded with the habitual offender hearing.

*State v. Baylor,* 998 So.2d at 810-12 (footnote omitted).

This court found there was no requirement that a motion regarding sanity be in writing. This court further found the trial court never gave Defendant an opportunity to present evidence regarding his capacity to proceed and never made a determination of whether reasonable grounds existed to doubt Defendant's capacity to proceed. The matter was then remanded to the trial court for an evidentiary hearing, wherein the trial court was to determine whether there were reasonable grounds to doubt Defendant's capacity to proceed to trial and sentencing.

At that hearing, defense counsel informed the trial court that doctors were appointed to examine Defendant in a proceeding bearing docket number 271,521. Dr. Vijay Boppana found Defendant had a mental defect that prevented him from understanding the proceedings, and Dr. John Simoneaux thought Defendant was malingering. In docket number 271,521, the trial court found Defendant competent to proceed.

Defense counsel subsequently asked for appointment of a sanity commission. The State objected to that request, alleging Defendant bore the burden of proof. The State asserted that Dr. Simoneaux's report was more thorough than that of Dr. Boppana. The State also asserted that counsel who handled the trial in the case at bar did not feel a sanity motion was warranted. The

7

State noted that proceedings against Defendant were had in several other matters, and sanity was never an issue.

Defense counsel objected to the State's characterization of what Defendant's previous counsel would say. Defense counsel then stated that Defendant was schizophrenic, to which the State objected. Defense counsel asserted that the need for a sanity commission was bolstered by the previous determination that Defendant had a mental defect. In support of his arguments, defense counsel offered the minutes of the 2004 hearing in docket number 271,521.

In support of its argument that a sanity commission should not be appointed, the State introduced the following exhibits: 1) A transcript of the exchange between defense counsel and Defendant during his first attempt to have a sanity commission appointed in the case at bar; 2) An exchange in which Defendant attempted to re-urge his motion; 3) A copy of Dr. Simoneaux's report in docket number 271,521; 4) A copy of Dr. Boppana's report in docket number 271,521; 5) An excerpt from a transcript in the case at bar wherein the State said Defendant was crazy as a loon and was just playing games; and 6) Various motions Defendant had assisted counsel in preparing.

The trial court then ruled on the issue as follows:

> First of all, for the reasons I've already stated, okay, I believe that he was sane and capable to proceed at that time. It was not necessary to have any further examination because the -- of the defendant's actions, and the arguments of defense counsel at that time, or statements of defense counsel at that time to the Court. And for that reason, I did not believe I had sufficient, reasonable grounds or evidence to believe that he was mentally deficient.

> Number two, as to the sentencing, I want to make sure it's clear, I gave him seventeen years concurrent on the two charges that the jury found -- for which he was found guilty. Understood?

> . . . .

8

> And that was because I -- I gave that sentence because he was not found as a fourth offender, multiple offender, but only on a -- only for two, if I remember the record correctly.
>
> And so based upon that and for the purpose of this record, he was sentenced to seventeen years on each count, to run concurrently. Understood?
>
> . . . .
>
> So he got a seventeen-year sentence, all right.

The State subsequently pointed out that Defendant did not put on any evidence to support his motion and the State said it could call Defendant's prior attorney, Mr. Darrell Hickman, and Mr. Buck, the assistant district attorney who prosecuted the case at bar, to testify. Defense counsel indicated that he did not wish to have the attorneys testify. The trial court again stated it would not grant the motion for sanity commission. Defense counsel subsequently asked for and was allowed to have Mr. Hickman testify.

Mr. Hickman testified that the issue of sanity was brought to his attention before trial. Mr. Hickman testified that he did not, in good faith, feel he could file a sanity motion on behalf of Defendant, as reflected in the transcript of the proceedings. Mr. Hickman testified that he did not think Defendant was crazy on February 26, 2007. Mr. Hickman also testified that he was aware that a sanity commission had been appointed in another matter, and Defendant had been found competent to stand trial.

The trial court heard argument from counsel. Defense counsel requested that the record be left open for the filing of mental health records. The trial court then ruled as follows:

> I have decided that at that time, he was ready to go to trial, and his motion for a sanity [commission], at that time, was merely a delay tactic. And his defense counsel even argued and stated to the Court that he was capable of proceeding. I may be paraphrasing there, but that's essentially what he said.

9

The trial court further ruled:

> The Court believes that he was able to proceed at the time that he -- that he was sentenced; and based upon the instructions given, believe that the requests of the Third Circuit Court of Appeal have been met. And if it has not, notice from the court, I'll make whatever changes they may deem necessary.

The trial court then stated it would leave the record open until May 4, 2011, for medical records to be entered into the record.

Defendant contends that the trial court did not conduct a hearing pursuant to the opinion this court issued in *Baylor*, 998 So.2d 800. Defendant asserts that no actual determination was made as to whether there was a reason to doubt his capacity to proceed. Defendant also asserts that the trial court did not provide him with an opportunity to prove he was mentally incapable and did not genuinely take steps to satisfy itself as to his mental capacity to proceed. Defendant contends that it would not have prejudiced the State for a sanity commission to be appointed. Defendant further contends that the trial court erred by continuously refusing to appoint a sanity commission.

At the evidentiary hearing and in brief to this court, Defendant alleged he was schizophrenic. There was nothing presented to the trial court prior to its denial of the motion to appoint sanity commission that proved Defendant had been diagnosed with schizophrenia.

Further, although the matter was left open after the denial of the motion for the filing of medical records, the parties did not seek to have the matter reconsidered by the trial court after the medical records were received. As the medical records were not considered by the trial court at the time it denied the motion for sanity commission, they were not considered by this court.

10

The trial court held a hearing as ordered by this court. Further, the trial court made a determination that there was no reason to doubt Defendant's capacity to proceed. The only evidence introduced to support Defendant's allegations of mental incapacity was the report of Dr. Boppana, which was completed in 2004. Dr. Simoneaux found Defendant was malingering. Additionally, Mr. Hickman declined to file a motion for sanity commission in the case at bar in 2006 and 2007 and did not believe Defendant was incompetent. Based on the evidence and testimony presented, the trial court did not abuse its discretion in denying Defendant's motion to appoint sanity commission, as Defendant failed to prove by a preponderance of the evidence that reasonable grounds existed to doubt his mental capacity to proceed. Accordingly, this assignment of error is without merit.

## DECREE

Defendant's convictions are affirmed.

**AFFIRMED**.