## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-24

**STATE OF LOUISIANA**

**VERSUS**

**STEFFON MCCURLEY**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 55750
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED AND REMANDED.**

**Michael Harson**
**District Attorney, 15th Judicial Court**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**Telephone: (337) 232-5170**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**James Nathan Prather, Jr.**
**Assistant District Attorney**
**100 North State Street – Suite 215**
**Abbeville, LA 70510**
**Telephone: (337) 898-4320**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**Telephone: (337) 491-0570**
**COUNSEL FOR:**
    **Defendant/Appellant - Steffon McCurley**

**THIBODEAUX, Chief Judge.**

Defendant, Steffon McCurley, was indicted for several criminal law violations after assaulting his mother in her home and pointing a gun at police. Before trial, Defendant requested a sanity commission for the evaluation of his mental capacity at the time of the offense, as well as his present capacity to proceed at trial. The motion was partially granted; the trial court ordered a commission to evaluate Defendant's capacity at the time of the offense. Prior to receiving the commission reports, Defendant entered a plea of "guilty" in exchange for a plea agreement. The plea was accepted, and a sentence of eighteen years at hard labor ordered.

Defendant appeals, alleging the trial court could not proceed and accept his plea because he alleged the lack of present mental capacity, thus requiring a contradictory hearing on the matter. We now review the trial court's correctness in proceeding after the sanity commission request, considering the mandate established in La.Code Crim.P. art. 642.[1] In accordance with the broad discretion given to the trial court in determining whether reasonable grounds exist to doubt a defendant's present capacity, and also finding that Defendant's request to be evaluated for present capacity was unsupported, we affirm the conviction of the trial court.

---

[1]Louisiana Code of Criminal Procedure Article 642 provides:

**Art. 642. How mental incapacity is raised; effect**

The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.

# I.

## ISSUES

We shall determine whether the trial court erred in accepting Defendant's guilty plea after requesting a sanity commission but prior to a contradictory hearing on the issue of his capacity to proceed.

# II.

## FACTS AND PROCEDURAL HISTORY

On October 8, 2012, Steffon McCurley, Defendant, was charged with second degree kidnapping, a violation of La.R.S. 14:44.1; two counts of simple criminal damage to property, a violation of La.R.S. 14:56; two counts of aggravated assault upon a peace officer with a firearm, a violation of La.R.S. 14:37.2; and illegal use of weapons or dangerous instrumentalities, a violation of La.R.S. 14:94. Defendant initially entered a plea of "not guilty," but later amended his plea to "not guilty by reason of insanity or mental condition."

On March 19, 2014, Defendant requested a sanity commission, which the trial court appointed on March 21st, composed of Drs. Lyle LeCorgne and Catherine McDonald. In his motion for the commission, Defendant asserted he could not tell the difference between right and wrong at the time of the offense because of a mental condition or defect and then prayed that the sanity commission be appointed under La.Code Crim.P. art. 644 to determine his present mental condition. Though the trial court granted the motion, the judge crossed out the section of the Order pertaining to the examination of the present mental condition of Defendant, indicating only an evaluation of his condition at the time the offense was granted and ordered.

On May 12, 2014, Defendant entered a plea of "guilty" as part of a plea agreement. The agreement provided that, in exchange for a guilty plea, the State would dismiss the simple criminal damage to property and illegal use of weapons charges, that there would be a sentencing cap of eighteen years, and that the sentences would run concurrently. The trial court accepted Defendant's guilty plea after a Boykinization hearing.

Although Dr. LeCorgne evaluated Defendant in April, his report was dated June 2nd, after Defendant had pled guilty. Dr. LeCorgne opined that Defendant was competent to stand trial, but that he was legally insane at the time of the crime. Dr. McDonald never examined Defendant.

The trial court sentenced Defendant to eighteen years at hard labor, ten years being without benefit of probation, parole, or suspension of sentence. Defendant now appeals, asserting that the trial court erred in accepting his plea of "guilty" without first determining his capacity to stand trial.

III.

**STANDARD OF REVIEW**

Defendant asserts the trial court acted contrary to La.Code Crim.P. art. 642, constituting legal error and a violation of his due process rights to a fair trial. However, the trial court did not order a sanity commission to evaluate Defendant's current capacity. On appeal, this Court gives great discretion to the trial court in determining whether a defendant should be afforded a mental examination to determine capacity to stand trial. *State ex rel. Seals v. State*, 00-2738 (La. 10/25/02), 831 So.2d 828; *State v. Berry*, 391 So.2d 406 (La.1980), *cert. denied*, 451 U.S. 1010, 101 S.Ct. 2347 (1981). Therefore, we will not disturb the trial

court's ruling absent a clear showing of abuse of discretion. *Berry*, 391 So.2d 506; *State v. Volson*, 352 So.2d 1293 (La.1977). When a trial court does not find any reasonable ground to doubt present capacity, the proceedings may continue. *State ex rel. Seals*, 831 So.2d 828.

## IV.

## LAW AND DISCUSSION

A defendant is presumed sane and competent to stand trial. *State v. Rogers*, 419 So.2d 840 (La.1982). Consequently, to challenge the presumption, the burden of proof is on the defense to demonstrate by a clear preponderance of the evidence that Defendant lacks the capacity to understand the proceedings against him and assist in his defense. *Id.*; *State v. Odenbaugh*, 10-268 (La. 12/6/11), 82 So.3d 215, *cert. denied*, __ U.S. __, 133 S.Ct. 410 (2012). When the "evidence shows that it is more probable than not that the defendant lacks the mental capacity to proceed, the criminal prosecution must be suspended." *Rogers*, 419 So.2d at 843.

Under La.Code Crim.P. art. 642, a defendant may raise the issue of incapacity to proceed at any time. When he does, no further steps in the criminal prosecution shall occur until such capacity is determined. The trial court "shall order a mental examination of the defendant *when it has reasonable ground to doubt* the defendant's mental capacity. . . ." La.Code Crim.P. art. 643 (emphasis added). Thus, the ordering of a mental examination is not guaranteed; it is a matter within the sound discretion of the trial court. *State v. Anderson*, 06-2987 (La. 9/9/08), 996 So.2d 973. The supreme court has determined that such reasonable grounds refer "to information which, objectively considered, should reasonably

4

raise a doubt about the defendant's competency and alert the court to the possibility that the defendant can neither understand the proceedings, appreciate the proceedings' significance, nor rationally aid his attorney in his defense." *Anderson*, 996 So.2d at 992. When a sanity commission is appointed by the trial court to evaluate a defendant, it is implied that the judge found reasonable ground to doubt the defendant's capacity. *State v. Harris*, 406 So.2d 128 (La.1981), *on reh'g*; *State v. Tyler*, 11-1123 (La.App. 3 Cir. 5/9/12), 89 So.3d 510.

However, it is only when a "*bona fide* question [is] raised regarding a defendant's capacity, [that] the failure to observe procedures to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *State ex rel. Seals*, 831 So.2d at 833; *see also Rogers*, 419 So.2d 840. Defendant prayed the commission be appointed to examine his present mental condition but did not allege any facts indicating he could not stand trial. In fact, the only allegation made in the motion was as follows: "There is good reason to believe that defendant at the time of the alleged offense, was not able to tell the difference between right and wrong because of his mental condition which existed because of a mental disease or defect, or because of an intoxicated condition." Defendant did not allege any facts indicating he presently lacked the mental capacity to proceed. The judge also specifically crossed out the portion of the Order establishing a commission to examine Defendant's present mental state, and only appointed such commission to evaluate the allegation made in the motion: that Defendant could not tell right from wrong at the time of the crime. Accordingly, the implication is that the trial court did not believe Defendant presented reasonable grounds to doubt his capacity to stand trial. *Harris*, 406 So.2d 128.

5

This case is similar to *Volson*, 352 So.2d 1293, in which the defendant moved for the appointment of a sanity commission in open court, after changing his plea from "guilty" to "not guilty by reason of insanity." The trial court denied the request for the commission. *Id.* On appeal, the Louisiana Supreme Court found no abuse of discretion in the trial court's denial because the defense's motion was unsupported and did not present reasonable grounds to doubt the defendant's mental capacity to proceed. *Id.* As in *Volson*, Defendant's plea for the present mental condition examination in his motion was unsupported and did not raise doubt regarding his present capacity requiring the proceedings to be suspended.

Our determination that Defendant's capacity to proceed was not a bona fide question raised is bolstered by defense counsel's statement at the sentencing hearing. Defense counsel clearly stated that Dr. LeCorgne's report was not being proffered to show that Defendant was incompetent to stand trial but as a mitigating factor for sentencing purposes. Specifically, counsel states, "Obviously, Your Honor, we have no intent to even proffer that he was incompetent and not able to stand trial." After review of the record, no contention that Defendant lacked capacity to stand trial was made at any time during the proceedings.

Moreover, La.Code Crim.P. art. 650 states that when a defendant requests a sanity commission after entering a plea of "not guilty by reason of insanity," as was the situation in this case, the court "may appoint a sanity commission as provided in Article 644 to make an examination as to the defendant's mental condition at the time of the offense." The code article does not require that a sanity commission be compiled, but merely leaves such decision to the discretion of the court. Under La.Code Crim.P. art 650, the trial court is not

6

prevented from continuing with the criminal proceedings, as it is under La.Code Crim.P. art. 642 when reasonable grounds exist for doubting a defendant's present capacity. The record indicates Defendant requested a commission, described in La.Code Crim.P. art. 644, in order to examine his capacity at the time of the offense, as is allowed under La.Code Crim.P. art. 650. Defendant presented insanity only as a defense, questioning his ability to tell right from wrong at the commission of the crime. Such defense does not halt the proceedings against him or prevent the trial court from accepting Defendant's plea of "guilty."

Defendant's motion to request a sanity commission did not halt the proceedings against him under these facts. The trial court did not abuse its discretion, and the Defendant's conviction is affirmed on appeal.

V.

## ERRORS PATENT

All appeals are reviewed for errors patent on the face of the record. La.Code Crim.P. art. 920. After reviewing the record, we find one error patent involving the sentencing minutes and transcript of sentencing at the trial level, which conflict. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La. App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

The sentencing transcript indicates that the judge altered and corrected the initial sentence. That correction is not reflected in the minutes of sentencing. Currently, the minutes include the following, which was left out of the corrected transcript: "Upon release, the defendant is placed on 3 years of HR-EM conditions: Seek and obtain mental health treatment, no contact with the victim

(his mother), refrain from use of drugs and alcohol." After the deletion of this section, the minutes of sentencing will accurately reflect the sentencing transcript. Thus, we remand for correction of the minutes.

VI.

**<u>CONCLUSION</u>**

Accordingly, we affirm the conviction of the trial court. However, we remand and instruct the trial court to correct the minutes of sentencing to properly reflect the sentencing transcript.

**AFFIRMED AND REMANDED.**